# Pattison *against* Stewart.

A conveyance by a father to his sons in consideration of an agreement on their part to pay his debts, is not fraudulent or void as to the creditors of the father.

ERROR to the Common Pleas of *Washington* county.

This was an action of ejectment by John Pattison against David Stewart and others, to recover a tract of 200 acres of land. The plaintiff gave evidence to show that the title to the land in dispute was formerly in Denny M'Clure, who in 1832 or 1833 died, and John Gunn was appointed his administrator; that John M'Clure, his son, obtained a judgment against the administrator for a debt due him from Denny M'Clure before and at the time of the conveyance of the land in dispute to his sons, William and James

[Pattison v. Stewart.]

M'Clure, on which an execution was sued out and levied on the land in dispute; an inquisition and sale of the premises to the plaintiff, and sheriff's deed.

The defendants gave in evidence a deed from Denny M'Clure and Margaret, his wife, to William and James M'Clure, two of his sons, dated September 10th 1832, for the consideration stated in the deed of $600. Article of agreement between William and James M'Clure and David Stewart, dated June 14th 1833, for the sale of the land for $1000, $400 in hand, and $100 a year thereafter. Deed in pursuance dated June 17th 1833; payment of the $400 in hand, and notes given for the residue. Both deeds were recorded the day after they were executed.

The plaintiff gave evidence tending to show that Denny M'Clure, when he executed the deed to his sons, was embarrassed in circumstances, and that the deed was made without any valuable consideration, and with intent by all the parties thereto, to defraud the creditors of Denny M'Clure, the grantor. He also gave evidence tending to show that David Stewart, when he accepted the deed and paid the purchase money, had notice of the fraud and that the conveyance by Denny M'Clure and his wife to William and James M'Clure had been made without consideration, and with intent to defraud the creditors of Denny M'Clure.

There was also evidence tending to show that William and James M'Clure had, in consideration of the deed of September 10th 1832, undertaken to Denny M'Clure to pay his debts, and that they had paid some of them out of the money received from David Stewart as the first payment on the land.

The court, after recapitulating the evidence, instructed the jury that if they believed that the deed was made by the father to his sons in consideration of an agreement on their part to pay the father's debts, it was a good and valid consideration, and the conveyance was not fraudulent as to creditors.

The instruction of the court was the subject of the error assigned.

*Leet* and *Marsh,* for plaintiff in error, cited 12 *Serg. & Rawle* 198; 2 *P. R.* 82; 6 *Binn.* 388; 1 *Rawle* 163; 3 *P. R.* 83; 4 *Johns.* 598.

*M'Kennon,* contra, whom the court declined to hear.

The opinion of the Court was delivered by

KENNEDY, J.—The only question presented in this case is in regard to the validity of the deed of conveyance made by Denny M'Clure to William and James M'Clure, two of his sons, for the land in dispute, from whom the defendant bought and claims to hold it. The plaintiff claims the land as a purchaser thereof at a sheriff's sale, made under a judgment and execution against the

[Pattison v. Stewart.]

administrators of Denny M'Clure, for a debt owing by him to John M'Clure, another son, before and at the time the father conveyed the land to William and James.   The plaintiff, on the trial of the cause, alleged and endeavoured to prove that the deed from Denny M'Clure to his sons William and James, was either made for the purpose of defrauding his creditors, or was made without valuable consideration, and was therefore void as against his creditors. Evidence, however, was given on the part of the defendant, tending to prove that William and James M'Clure, as the consideration for receiving the deed from their father, were to pay all his debts; and that they had actually paid some of them, besides maintaining their father and mother during their respective lives. The court left it as a matter of fact to the jury, to decide whether this was the consideration for making the deed or not; and if they found that it was, the deed was good against the creditors as well as all others, and the plaintiff could not recover.   The plaintiff's counsel objected to the charge of the court in this respect, and it is assigned for error here.   We, however, are of the opinion that the instruction given by the court to the jury on this point was correct.   The only difficulty would seem rather to have been, as to the question of fact whether such was the real consideration of the deed or not, which was very properly left by the court to the decision of the jury.   It would be strange, if not incongruous, to say that such a consideration was not sufficient to support the deed against the creditors of the grantor, seeing it was made specially for the purpose of paying and satisfying their claims.   John M'Clure the son, if a creditor at the time his father conveyed the land to William and James, might have sued the latter, and, after having obtained judgment against them for the amount of his claim, have taken the land in execution, provided they still held it under the deed; but on a judgment obtained against his father's personal representatives, it is manifest that he could not do so, as the property in the land had passed from the father in his lifetime by the deed of conveyance thereof to his sons William and James. To hold that a deed of conveyance made by a debtor of his property, founded on such a consideration, is not good against his creditors, would seem to deprive him of the only means that he may have of paying them.   It may be of the utmost importance to him, and likewise to his creditors too, that he should be permitted to sell his property, on a reasonable credit, for money, so as to obtain a sufficient amount to pay them, when a sale made for cash in hand might fall far short of it.

Judgment affirmed.