## Corrigan's Estate.  Foster's Appeal.
## Laird's Appeal.

1. A suit brought against the personal representative of a decedent, within seven years after his death, continues the lien of the debt against his real estate for twelve years, under the Act of 4th April 1797.

2. It is immaterial how soon in the seven years judgment is obtained, as the liens extend to the termination of the twelve years without further proceeding.

3. The Act of 24th February 1834 makes no change except to substitute *five* years for *seven,* and *ten* years for *twelve.*

4. C. was indebted to W., and died in 1856; W. obtained a judgment on the debt in 1859, and issued a scire facias thereon in 1865; the decedent's real estate was sold for the payment of his debts in 1868; W. obtained a verdict against the administrator on his scire facias in 1874: *Held,* in the distribution of the proceeds of the sale, that W. was entitled to the payment of his judgment out of the fund.

5. *It seems* that the lien of a debt against a decedent estate may be continued for more than ten years by proper revivals.

October 28th 1876.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.  WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Westmoreland county:* Of October and November Term 1876, Nos. 213 and 218.

[Corrigan's Estate.]

Hugh Corrigan died 20th July 1856. The county of Westmoreland brought suit, on the 4th June 1857, against his administrator, to recover the costs on an indictment in the Oyer and Terminer for homicide, and on the 23d February 1859 judgment was obtained by the county for $625.55. On the 9th March 1865 a sci. fa. was issued on this judgment against Corrigan's administrator, with notice to his heirs and devisees, but no proceedings had on the sci. fa. until the 10th February 1874, when there was a trial and verdict rendered in favor of the county, as against the administrator, but in favor of the devisee; no judgment was ever entered on this verdict.

In July 1868 Corrigan's real estate was sold for the payment of his debts, under an order of the Orphans' Court. This case arises upon the distribution of the proceeds of this sale. The court below decreed the payment of the judgment of the county in full, and awarded the residue of the fund to A. J. Corrigan, devisee of the real estate sold under the will, and rejected the claim of one McDermott. The claim of McDermott was against A. J. Corrigan as owner of the real estate, and by agreement of parties was to be paid only in case the judgment of the court was adjudged not to be a lien upon the real estate. From this decree Foster, assignee of McDermott, and Laird, guardian of A. J. Corrigan, appealed.

*H. D. Foster*, p. p.—Steel v. Henry, 9 Watts 523, decided, under the Act of 1797, a lien could not by any proceeding in a scire facias or otherwise be extended beyond twelve years from the death of the decedent. The Act of 1834 reduced the period to ten years, and made no other change. So also in Maus v. Hammel, 1 Jones 228. The intention of the legislature was to produce a settlement of estates in a reasonable time.

*H. P. Laird*, p. p.—The appellee did not prosecute its claim with " due diligence," as required by the act, but allowed the action to lie over for nine years. That action, when prosecuted, terminated in favor of the devisee, and although the land was sold in 1868, still the fund was only for the payment of valid debts judicially ascertained to be such against the devisee: Atherton v. Atherton, 2 Barr 112; Walthour v. Gosser, 8 Casey 259; Burdley's Appeal, 19 P. F. Smith 295.

*Edgar Cowan*, for the appellee.—The judgment entered in February 1859 continued the lien for ten years from the death of the decedent: Penn v. Hamilton, 2 Watts 53. The scire facias issued in March 1865 had the same effect as in ordinary judgments *inter vivos*, and continued the lien for five years: Payne v. Craft, 7 W. & S. 458. Judgment was not recovered against the devisee because the Orphans' Court sale in 1858 threw the lien of the debt upon

[Corrigan's Estate.]

the fund. In Payne *v.* Craft, *supra*, the lien was extended for twenty years.

The judgment of the Supreme Court was entered November 6th 1876,

PER CURIAM.—The cases of Duncan *v.* Clark, 7 Watts 224; Steel *v.* Henry, 9 Id. 523, and Payne *v.* Craft, 7 W. & S. 458, followed by later cases, settle the law, that a suit brought against the personal representative of a decedent, within seven years after his decease, for a debt owing by him at his death, continues the lien of the debt against the real estate for a period of twelve years from the time of his decease, under the Act of 1797, and that a proceeding to revive within five years next following the seven years will continue the lien beyond the termination of the twelve years. It is also settled that it is immaterial how soon judgment is obtained in the first period of seven years; the lien runs to the termination of the period of twelve years without a further proceeding. In Duncan *v.* Clark, *supra* 225, Justice KENNEDY says: "It is obvious that in the first case, when the judgment is obtained within the seven years, the five years ought not to commence before the expiration of the latter period; for if it were to be held to commence from the date of the judgment, it would be placing the vigilant creditor in a worse condition than the negligent one, and also be contrary to the express, as well as the plain, import and meaning of the Act of 1797, which terminates the lien only after a lapse of seven years from the death of the debtor." So the lien of the debt may be continued after the period of twelve years, by proper revivals. This is decided in Payne *v.* Craft, *supra*, where the death took place in 1813 and the sale of the real estate in 1833, and the lien was held to be continued by entries on the docket by agreement that the judgment should be revived without a scire facias. The later cases run in the same line, only that in cases where the death has taken place since the Act of 26th February 1834 went into effect, the first period is *five* instead of seven, and the entire period *ten* instead of twelve years, and the widow and heirs or devisees must be made parties. In this case the scire facias to revive the judgment of the county was issued against all the parties within the ten years, and the sale of the property took place within three years thereafter, and consequently within the duration of the lien.

　　　　The decree of distribution was correct and it is therefore
　　　　　　affirmed with costs to be paid by the appellants and
　　　　　　their appeals are dismissed.