## Hennon versus McClane.

88 219
177 459

88 219
20 SC 478

1. A conveyance of land in consideration of future maintenance, is a question of actual fraud for the jury, and in the absence of evidence of existing creditors at the time of its execution, is valid.

2. C. conveyed land to M. in consideration that the latter would maintain C. and his wife during their lives. In ejectment against M. by a subsequent judgment-creditor, *Held*, that in the absence of evidence of existing creditors at the time of the execution of the agreement, the court properly left it to the jury to determine whether there had been actual or intended fraud in the execution thereof.

November 25th 1878. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Lawrence county:* Of October and November Term 1877, No. 257.

Ejectment by John M. Hennon against Marquis A. McClane.

On July 4th 1868, Daniel Cole agreed to sell and convey his farm to defendant, in accordance with the terms of the following agreement:—

"Article of agreement made and concluded by and between Daniel Cole, of the township of Wayne, in the county of Lawrence, in the state of Pennsylvania, of the first part, and Marquis A. Mc-Clane, of the same place, of the second part, witnesseth, that the said party of the first part agrees to sell and convey unto the said party of the second part, his heirs and assigns, and by these presents doth sell, convey and confirm unto said party of the second part, his heirs and assigns, all that certain tract or parcel of land situate in said township of Wayne, bound and described" [here follows description]. " In consideration thereof, the said party of the second part agrees and covenants to and with said party of the first part to maintain and support and provide said party of the first part with a good, comfortable living. Also a good, comfortable living for the wife of said party of the first part during the natural life-

[Hennon *v.* McClane.]

time of both and either of them; that is, he shall provide them with board, domicile, coal, and his wife during the natural lives of both and either with good and sufficient bedding and clothing, as well as medicine and good attendance when sick or infirm.    Said parties of first part to have possession of the place for a home for himself and his wife so long as both or either may live.    Said second party to have the stock, farming utensils and other personal property pertaining to the farm, upon the signing of these articles. The household furniture and other personal property to be delivered to said party of the second part immediately after the death of the said Daniel Cole and his wife, or the survivor of them.    Said party of the second part to keep the house and necessary outhouse or houses in good, comfortable condition, and provide the said Daniel Cole with sufficient fuel during his life; also the same during the life of his wife.

" In testimony whereof, the said parties have hereunto set their hands and seals this fourth day of July 1868.

DANIEL COLE, [L. S.]<br>
MARQUIS A. McCLANE, [L. S.]

Witnesses—JOHN R. EVANS,
    H. T. WILSON."

The plaintiff claimed the land in dispute by virtue of a sheriff's deed, dated May 13th 1874, the property having been sold on a judgment obtained against Cole by his daughter, on a note given by Cole to her for borrowed money.    The farm and the personal effects mentioned in the agreement were all the property Cole had at the time of its making.    It did not appear that Cole had any indebtedness at the time of the execution of the agreement.

The answers to the plaintiff's points submitted on the trial, are substantially made in the following portions of the general charge:

" The plaintiff gives evidence in support of his allegations of fraud in the contract of sale to defendant of indebtedness of Daniel Cole to Elizan Cole, and to others, on and before the 4th of July 1868, the date of McClane's purchase; refers to the terms of the contract showing that Daniel Cole and wife were to continue in the possession of the land sold during their joint lives and for the life of the survivor; that the sale embraced, with but little exception, all the property of Daniel Cole, &c.; and from these facts and all other facts proven in the case,. bearing on the point, and which are for the jury to remember and apply, and contends that the sale was fraudulent, as made with the intent to place his property in condition to be for his own benefit and that of his wife, and to, in consequence, hinder, delay and defraud his creditors; and that if so, it would be such fraud as would vitiate the contract of sale to and with the defendant, McClane, and render it void.    We cannot declare the contract fraudulent, as a matter of law, and decline saying so to

[Hennon v. McClane.]

the jury.   In our view of the question, from the face of the
contract, and the proof that there were $200 and upwards paid
upon it in money, or its equivalent, in the surrender of Cole's notes
to McClane for borrowed money, [we cannot say, as a conclusion
of law, that the contract was voluntary and without valuable con-
sideration, and fraudulent and void.   This, we think, is a question
of fact, to be arrived at and determined by the jury, from all the
proofs in the case, and it is therefore referred to the jury; and we
say, that if the jury find, from all the evidence in the case bearing
upon the questions, that Daniel Cole had, on and before the 4th of
July 1868, the date of his contract of sale with the defendant,
creditor or creditors, to any amount whatever, and of which he had
knowledge, and that the sale of his property was made to McClane
with intent to hinder, delay and defraud the creditor or creditors,
the contract would be fraudulent and void.]   [If, however, you do
not find, from the evidence, that Daniel Cole had, on and before the
4th of July 1868, creditor or creditors known to him, and that the
contract was not voluntary, and without consideration, but for a
consideration, paid in part in money, and to be paid as provided in
the contract as to the remainder, and not entered into with design
and intent to place his property in shape to benefit himself and
wife, and beyond the reach of his creditors, so as to hinder, delay
and defraud creditor or creditors of their money, then the contract
would not be fraudulent and void.]

[" The question then on which the case turns is one of actual
fraud, and this is for you to determine.   We say in brief that the
contract between the parties on 4th July 1868, was of the charac-
ter of purchase for a valuable consideration over $200 of this con-
sideration actually paid in hand at the execution of the contract.
The contract was not voluntary, but founded on a valuable consider-
ation, and we cannot instruct you as a conclusion of law that it was
made with fraudulent intent and consequently void; but instruct
you that the fraudulent intent must be shown as a matter of fact,
and the burden of proof is on the plaintiff in this case, to satisfy
you by evidence that Daniel Cole was knowingly indebted at the
time he made the contract, and that he made it for the purpose and
with the intent to place his property beyond the reach of his cred-
itor or creditors, and thereby to hinder, delay and defraud such
creditor or creditors.   If you cannot find such intent from the
evidence in the case, then the contract is not void, but valid, and
the defendant has good title to the land in dispute."]

Verdict for defendant, and after judgment plaintiff took this writ
and, inter alia, assigned for error the portions of the above charge
noted in brackets.

*D. S. Morris* and *J. McMichael*, for plaintiff in error.—The
court should have said the conveyance on its face was a voluntary

[Hennon *v.* McClane.]

conveyance, fraudulent and intended to hinder and delay creditors: Johnston *v.* Harvy, 2 P. & W. 82; Miner v. Warner, 2 Grant 448; Thompson *v.* Dougherty, 12 S. & R. 454; Geiger *v.* Welsh et al., 1 Rawle 349; Chambers *v.* Spencer, 5 Watts 404; Zerbe *v.* Miller, 4 Harris 488; Sanders *v.* Wagonseller, 7 Id. 248; Ferris *v.* Irons, 2 Norris 179.

[Chief Justice AGNEW.—There is no evidence to show that there were existing creditors at the time of the execution of the agreement. If there were any you should have included the evidence thereof in your paper-book. A judge may make a mistake theoretically in charging a jury, but unless he make a substantial mistake, we cannot reverse for an alleged misdirection which does not appear in the record.]

*R. B. McComb*, for defendant in error.

Chief Justice AGNEW delivered the opinion of the court, January 6th 1879.

The question of actual or intentional fraud was fairly submitted to the jury, and is put at rest by the verdict. The question of legal fraud stands on a different footing. That may be the result of the bargain itself without any intended fraud, where the terms of the bargain upon the face of the transaction must hinder and delay creditors. It is well settled that one in debt cannot convey away all his property to his wife or children, by way of settlement merely, and without an adequate consideration. Nor can he convey his property in consideration of a support for himself or those dependent upon him, where the effect is to deprive his creditors of the means of payment of their debts. Indeed the decisions do not stop here, for the statute of 13 Eliz. being directed against conveyances that *hinder and delay* creditors, as well as those made with a covinous intent, bargains which are not ordinary sales to pay debts, but which are unusual and tie up property out of the reach of creditors, preventing the collection of their debts in the ordinary course of law, are held to be against the statute, and therefore fraudulent in law. Thus, a sale of all a man's property to his sons on bonds, not due for a long time, is invalid, on the ground of hindering and delaying. In such a case, the law determines the intent to be fraudulent on the face of the transaction, which, on its front, shows that it must necessarily prejudice the right of creditors : for otherwise it would be in the power of the debtor to impose his own terms of payment regardless of their rights : Kepner *v.* Burkhardt, 5 Barr 478 ; Johnston *v.* Harvy, 2 P. & W. 82 ; Adlum *v.* Yard, 1 Rawle 163 ; Sanders *v.* Wagonseller, 7 Harris 248. In this view of the law the charge of the learned judge, which placed the case wholly on the ground of the intentional fraud is scarcely accurate, except on the supposition that he did not consider it necessary to answer the pro-

[Hennon *v.* McClane.]

positions made, because of the absence of sufficient evidence of the existence of debts at the time, to be prejudiced by the sale of Cole to McClane. So far as the evidence is laid before us, this appears to be so. Certainly it is too weak to require a reversal for misdirection, the transaction being entirely fair in fact. If there were evidence of actual existing debts, the evidence ought to have been furnished upon the paper-books. What we have is very small, uncertain, and stale. We discover no substantial error in the record.

Judgment affirmed.