Michael Shakely, for use of Catharine Bartley, *v.* J. S. Guthrie, Admr. c. t. a. of Andrew Bott, decd., Andrew Bott, John Bott, Francis Bott, Wm. Bott, Jos. Bott, Chas. Bott, Jas. Murdock, intermarried with Mollie Bott, and —— Murdock, their Children, Heirs and Devisees of Andrew Bott, decd., Belle Gibson, A. B. Gibson and M. E. Gibson, Alienees of the Real Estate of Andrew Bott, decd., Appellants.

*Fraudulent settlements or conveyance—Statute of* 18 *Elizabeth, chapter V.*
Where there is a voluntary settlement and an indebtedness at the time and recovery of such indebtedness is delayed, hindered or defeated, such settlement is fraudulent and void.

A father conveyed to his daughter all his property, it being stipulated in the deed that the vendee stand security for certain debts enumerated and maintain vendor for life. *Held,* That the conveyance was void as against prior creditors and that the daughter's vendee with notice took no title as against them.

Argued May 13, 1896. Appeal, No. 36, April T., 1896, by defendants, from judgment of C. P. Armstrong Co., March T., 1892, No. 88, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Scire facias to charge real estate, of which defendant was alleged to have died seized, with the payment of a debt reduced to judgment after his decease. Before RAYBURN, P. J.

The following facts are stated in the opinion of the Superior Court.

"Andrew Bott by his deed dated the 24th day of February, 1881, conveyed to his daughter, Mary Jane Murdock, his farm,

situated in Perry township, Armstrong county, Pa., contain-- ing one hundred acres, which he had purchased from Michael Shakely, and all the horses and cattle belonging to him then upon the farm, in consideration of the sum of $1,500. The deed also contains these stipulations : "And it is further agreed by the parties hereto that the second party stand security for about five hundred dollars to Michael Shakely and fifty dollars to George Shakely;" also "said first parties to this agreement reserving their maintenance on or from the above farm during their natural life." As between the parties thereto this was a good conveyance and whether the purchase money named therein was actually paid or not was based upon a good and valid consideration. So far as the evidence shows, it seems to have included all the property of the grantor.

Andrew Bott died April 5, 1882. Suit was brought in the common pleas of Armstrong county to No. 78 December term, 1886, by Michael Shakely against J. S. Guthrie, administrator c. t. a. of Andrew Bott, deceased. Upon the trial of this suit, a verdict was rendered, December 21, 1891, in favor of the plaintiff for $788.76 ; and on the 26th of December, 1891, judgment was entered on the verdict, and the same day a scire facias was issued to No. 88 of March term, 1892, at the suit of the plaintiff and against the defendants in the court below, as they appear on the records here. Issue was joined between the plaintiff and Belle Gibson, A. B. Gibson and M. B. Gibson upon the plea "that judgment No. 78, December term, 1886, upon which the scire facias was issued was not at the time of the issuing of said scire facias a lien upon the land owned or belonging to these defendants." Upon the trial of the issue, a verdict was rendered for the plaintiff and against the defendants for $880.94, a rule to show cause why a new trial should not be allowed was granted and on the 28th of October, 1895, in an opinion filed, was discharged by the court below. Judgment was entered upon the verdict and an appeal taken by Belle Gibson, who claimed the real estate conveyed by Andrew Bott to Mary Jane Murdock, as the alienee of the latter.

The court gave binding instructions for plaintiff (1) and refused same to defendants. [4] Defendants' third and fourth points were refused, said points being to the effect that the con-

416      SHAKELY v. GUTHRIE et al., Appellants.

Statement of Facts—Opinion of the Court.   [2 Super. Ct.

·veyance of Andrew Bott to Mary Jane Murdock was valid and not fraudulent as to the plaintiff. [2, 3]

Verdict and judgment for the plaintiff for $880.94.   Defendants appealed.

*Errors assigned* were, (1) binding instructions for plaintiff; (2, 3) refusal of defendants' third and fourth points, reciting same; (4) refusal of binding instructions for defendants.

*M. F. Leason*, attorney for Belle Gibson, appellant.—There is no authority of law for making Belle Gibson a party to this scire facias: Dengler v. Kiehner, 13 Pa. 41 ; Shontz v. Brown, 27 Pa. 123.   A conveyance by a father to his sons in consideration of an agreement on their part to pay his debts is not fraudulent or void as to the creditors of the father: Preston v. Jones, 50 Pa. 66 ; Pattison v. Stewart, 6 W. & S. 72 ; Shontz v. Brown, 27 Pa. 123 ; Stafford v. Stafford, 27 Pa. 144.

*W. D. Patton*, for appellee.—The conveyance was a voluntary one and fraudulent to creditors : Shontz v. Brown, 27 Pa. 129; Hennon v. McClane, 88 Pa. 219 ; Sanders v. Wagonseller, 19 Pa. 248.   Belle Gibson, a terre tenant, is not a purchaser for value and in addition she took the purchase with the knowledge of fraud : Johnson v. Harvey, 2 P. & W. 82 ; Miner v. Warner, 2 Grant, 448.

OPINION BY BEAVER, J., October 12, 1896 (after reciting the facts as above) :

It is claimed by the appellant here that the real estate of Andrew Bott was not bound by the judgment entered in No. 78 of December term, 1886, the suit not having been brought until after his death and his real estate having been conveyed in his lifetime to his daughter, Mary Jane Murdock.   If the deed of Andrew Bott to Mary Jane Murdock, dated February 24, 1881, conveys a good title to the real estate therein described as against creditors of the said Bott, who were such at the time of the making of the deed, this contention of the appellant must prevail.   The only question for consideration in the case is the validity of this deed, so far as the rights of the appellee are concerned.   All the assignments of error relate to this single

question.. The statute of 13 Eliz. chapter 5, Rob. Dig..295, 2 Purdon's Digest, 12th . edition, 2118, provides : " That all and every feoffment, gift, grant, alienation, bargain and convey- ance of lands, tenements, hereditaments, goods and chattels,. or any of them . . . . shall be from henceforth deemed and taken (only as against that person or persons, his or their heirs, suc- cessors, executors, administrators and assigns, and every of them, whose actions, suits, accounts, damages, penalties, forfeitures, heriots, mortuaries and relief, by such guileful, covinous . or fraudulent devices and practices as is aforesaid, are, shall or might be in anyways disturbed, hindered, delayed or defrauded) to be clearly and utterly void, frustrate and of none effect,· any pretence, color, feigned consideration, expressing of use or any other matter or thing to the contrary notwithstanding." .Our Supreme Court, upon the request of the legislature, reported the above among many English statutes as being in force in .Pennsylvania and have many times construed it.

In the case of McAllister v. Marshall, 6 Binney,.338, Chief Justice TILGHMAN in his opinion says : " We have no bank- rupt law.  In considering therefore what an insolvent debtor may do and what he may not do as to the disposal of his estate, we must have recourse to the common law and the provi- sions of the statute of 13 Eliz. chap. 5.   The debtor may prefer one creditor to another and for this purpose he may make a conveyance of any part of his property at its fair value, but he cannot under a pretense of preferring one creditor, make.a conveyance for the purpose of hindering others from coming at his property nor, above all, can he by any mode of contrivance or secret trust cover any part of his effects from the legal process of any of his creditors."

Mr. Justice DUNCAN, in the case of Thompson v. Dougherty, 12 S. & R. 448, tried by him at nisi prius, in his charge to the jury, says : " I have examined with care not only the English authorites but the American decisions and have come to the fol- lowing conclusions : First. Where there is a voluntary settle- ment and indebtedness at the time and the recovery of . these debts is delayed, hindered or defeated, that such settlement. is fraudulent and void and that the avoidance of it on account of such indebtedness lets in the subsequent creditors on the prop- erty to satisfy their debts."

In Johnson's Heirs v. Harvey, 2 P. & W; 82, in which a father conveyed a tract of land to his sons, in trust for the payment of all judgments on record against the grantor and for his maintenance and that of his family, Chief Justice GIBSON says: "A transaction more palpably fraudulent than this conveyance can hardly be imagined. A father, on the verge of insolvency, conveys to his sons, in consideration of an agreement to pay off certain judgments which he seems to think may be incumbrances as well as the residue of the purchase money to the state, and to maintain him and his wife while they live and the residue of the family, till they are able to maintain themselves, is not that in principle the case of McAllister v. Marshall, 6 Binney, 388, in which a tacit agreement to vest a part of the property in trust for the benefit of the family voided the conveyance as to creditors who had not assented to the arrangement? The statute, 13 Eliz. which professes to void conveyances with intent to delay, hinder, or defraud creditors would be of little use, if a debtor might put his estate beyond the reach of his creditors and still get a living from it."

In Hennon v. McClane, 88 Pa. 219, Chief Justice AGNEW says: "It is well settled that one in debt cannot convey away all his property to his wife or children by way of settlement merely and without adequate consideration, nor can he convey his property in consideration of a support for himself or those dependent upon him, where the effect is to deprive his creditors of the means of payment of their debts; indeed the decisions do not stop here, for the statute of 13 Eliz. being directed against conveyances that hinder and delay creditors as well as those made with a covinous intent, bargains which are not ordinary sales to pay debts but which are unusual and tie up property out of the reach of creditors, preventing the collection of their debts in the ordinary course of law are held to be against the statute and therefore fraudulent in law." Of like tenor are numerous other cases which need not be cited. We have selected the foregoing as representative of different times and characteristic of the distinguished judges who rendered the decisions.

As between the present appellee and Mary Jane Murdock, the alienee of Andrew Bott, there can be no doubt that the deed of the 24th of February, 1881, hereinbefore cited, is

" clearly and utterly void, frustrate and of none effect." Its manifest object was to hinder and delay creditors in pursuing the property conveyed thereby, and to provide for the maintenance of the grantor at the expense, if necessary, of those to whom he was then indebted. The attempt to provide for the payment of the certain specified debts by making the grantee in the deed security therefor does not change the nature of the transaction, or relieve it of its covinous character. There is no evidence that she paid or secured or in any way attempted to secure these debts, or recognized any obligation to do so. Does the appellant, Belle Gibson, occupy any better position in reference to the property conveyed by the deed of Andrew Bott to his daughter, Mary J. Murdock? This deed was upon record. It bears upon its face the notice of the indebtedness to Michael Shakely and George Shakely, and also provides for the maintenance of the grantor out of the property conveyed during his natural life, and, therefore, carried with it notice to all the world of its fraudulent character. In addition to this, the evidence clearly shows that the appellant was cognizant of the indebtedness due from Bott to Shakely and of the character of the title which she secured by the deed from Murdock and wife to her. A. B. Gibson, her brother, who was a witness examined on behalf of the defendants below, testified : " I bought the farm from Mrs. Murdock and her mother and Mrs. Murdock's husband on a debt that Mrs. Murdock and Mrs. Bott owed to my sister. Well, the purchase of the farm canceled the debt that they owed to my sister. Then there was a further bargain between us that, if there was no lawing, no trouble, and we were put to no expense and that the title that they made was proved to be a good one, we were to pay them $500 more for the farm, after we had got all the money that we had in the farm out of it and the interest on the money and pay for all the expenses that we might have been to, but if we did have any lawing or any dispute of title or any trouble to hold the farm, or any expense, then we were not to pay anything more for the farm than we had already paid—the debt they had owed us."

The testimony of the appellee in the court below clearly showed that the trouble anticipated was from the indebtedness of Bott to Shakely. The deed of Mrs. Murdock to her was

made in full view of Andrew Bott's indebtedness and no consideration therefor was to be paid until payment of said indebtedness should finally be evaded. It is evident therefore that the appellant is in no better situation than those from whom she acquired the title to the property conveyed by Bott to his daughter. The conveyance from Andrew Bott being fraudulent and void and a judgment having been recovered against his administrator upon a suit brought within five years after his decease, in accordance with the provisions of the 24th section of the act of February 24, 1834, P. L. 77, the lien of the debt was extended for ten years from the date of his death (Corrigan's Estate, 82 Pa. 495), and the scire facias to bring in the terre tenant having issued within that time, the judgment entered upon the verdict rendered upon the trial thereof is valid, as to Belle Gibson, the terre tenant, at least so far as the land claimed by her under the deed of July 2, 1885, from Mary Jane Murdock et al. is concerned. There is no conflict between the cases herein referred to and those cited by the appellant. In Pattison v. Stewart, 6 W. & S. 72, the consideration for the conveyance of the father to the sons was found by the jury to have been an actual agreement on their part to pay the father's debts, which was held by the court in that case to have been a good and valid consideration for the conveyance. In Shontz v. Brown, 27 Pa. 123, there was a question as to whether or not the father was actually in debt at the time of the conveyance or agreement to convey his property to his sons, and in addition thereto the covenants contained in the deed were charged as a lien on the land conveyed. There is no similarity between those cases and the one under consideration. Stafford v. Stafford, 27 Pa. 144, was a case in which the father brought suit against the son to recover the value of certain personal property received by the latter from the former. The rights of creditors were not in any way involved. Preston v. Jones, 50 Pa. 54, was a case in which the father conveyed his real estate to his sons in consideration of their agreement to pay his debts, which debts, amounting to the full value of the property purchased, were paid by the sons, in which it was held that this being the case the deed was not voluntary but for a valuable consideration and was not fraudulent and void as to the future creditors of the father. In the latter case, Mr. Justice REID

delivering the opinion of the court quoted with approval from the opinion of Lord Chancellor WESTBURY in the case of Spirett v. Willow, 11 Jurist N. S. 70: "There is some inconsistency in the decided cases on the subject of conveyances in fraud of creditors but I think the following conclusions are well founded: If the debt of the creditor by whom the voluntary settlement is impeached existed at the date of the settlement and it is shown that the remedy of the creditor is defeated or delayed by the existence of the settlement, it is immaterial whether the debtor was or was not solvent after making the settlement; but, if a voluntary settlement be impeached by subsequent creditors whose debts had not been contracted at the date of the settlement then it is necessary to show that the settlor made the settlement with express intent to delay, hinder or defraud creditors, but that after the settlement the settlor had not sufficient means or reasonable expectation of being able to pay his then existing debts, that is to say, was reduced to a state of insolvency, in which case the law infers that the settlement was made with intent to delay, hinder or defraud creditors and is, therefore, fraudulent and void. It is obvious that the fact of a voluntary settlor retaining money enough to pay the debts which he owes at the time of making the settlement but not actually paying them cannot give a different character to the settlement or take it out of the statute." In nearly all of these cases the provisions of the statute of 13 Eliz. are recognized and the law laid down in the cases construing it as herein cited fully concurred in. In the present case the indebtedness and the knowledge of its existence by the parties cannot be gainsaid and there was no evidence to be submitted to the jury to take the transaction out of the operation of the rule as to fraudulent conveyances.

No question is raised by the appellant in regard to the general character of the judgment rendered against the several defendants as to whom issue was joined. We have been able to discover no evidence in the case which can sustain a judgment against A. B. Gibson and M. E. Gibson. As to Belle Gibson, judgment should have been entered *de terris* and not generally. The appellant however has taken no exception to these irregularities and we have no doubt they will be corrected by the court below, by limiting the execution process upon the

judgment to the land attempted to be conveyed. With these exceptions, upon what we regard as well settled and rightly settled legal principles, the judgment of the court below is affirmed.