# Mrs. Margaret Downing *v.* B. F. Gault, Sheriff, Appellant.

*Fraud—Sale by insolvent vendor—Future maintenance.*

Those who are indebted cannot put their property out of their hands and avoid their creditors in order to provide future maintenance for themselves.

A woman being indebted and insolvent sold certain furniture worth a much larger sum to her daughter in consideration of $100 and future support. The sheriff sold the property on an execution against the mother. *Held*, in a suit by the daughter against the sheriff, that the above facts being undisputed, the defendant was entitled to binding instructions.

Argued May 17, 1898.   Appeal, No. 197, April T., 1898, by defendant, from judgment of C. P. Venango Co., April T., 1896, No. 55, on verdict for plaintiff.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ.   Reversed.

Trespass.   Before CRISWELL, P. J.

It appears from the record that judgment having been obtained against Mary D. Carpenter, who was conducting a boarding house in Oil City, Pa., and buying supplies from the plaintiff in the judgment, execution was issued and levy and sale made of the property in the boarding house.   Plaintiff in this case, daughter of the defendant in the execution, claimed the property on an alleged transfer from her mother.   Notice having been given by the plaintiff of her alleged ownership she brought suit after the sale against the sheriff.

Verdict and judgment for plaintiff for $195.   Defendant appealed.

*Errors assigned* were (1) in his charge to the jury in that part thereof following, viz: "It appears that the mother was indebted at the time of this alleged sale.   Being so, she had a right to make a sale and disposition of her property, provided she sold to a bona fide purchaser for a valuable consideration." (2) In his charge to the jury in that part thereof following, viz: "The testimony of the plaintiff, Mrs. Downing, is that 'I bought the property for one hundred dollars, provided I let

my mother have her home with me.' A person who is indebted is not permitted by law to dispose of his property in consideration of future maintenance. Those who are indebted cannot put their property out of their hands and avoid their creditors in order to provide future maintenance for themselves. The testimony in this case in reference to that is somewhat vague. If it were more decided I would feel it my duty to say to you as a matter of law that under the evidence the plaintiff cannot recover."

*John O. McCalmont*, with him *John M. McGill*, for appellant. —The sale of lands or goods by an indebted person for less than their value is ipso facto a fraud in vendor and vendee: Davidson v. Little, 22 Pa. 245; Hill v. Leibig, 3 Pa. Superior Ct. 398.

In order to pass the title to certain property, where the rights of creditors are concerned, the sale must be bona fide for a sufficient consideration. The vendor must reserve to himself no rights, interest, privilege, profit or advantage that cannot be reached by execution: Hinton v. Curtis, 1 Pitts. 99.

*W. J. Breene*, of *Breene & Wilbert*, for appellee.—The bona fides of the sale was for the jury: Bell v. McCloskey, 155 Pa. 319; Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419.

The purchase was in good faith and for a valuable consideration: McGuire v. James, 143 Pa. 521.

OPINION BY ORLADY, J., July 29, 1898:

Mary D. Carpenter while indebted to Thomas E. Keating in the sum of $119.60, voluntarily transferred to her daughter, the plaintiff in this case, all of the personal property in a boarding house which was conducted by the mother. On the trial below the plaintiff testified to the consideration, viz: "Q. Now, what were you to pay for the property? State the circumstances under which you bought the property. A. Why, I bought it for $100, provided I let mother have a home with me. She said she had no other home if she sold that out. Q. Pursuant to that arrangement then you purchased the property and took possession. A. Yes, sir." The fair value of the property was between $250 and $300. Twenty dollars was paid on account at the time of the purchase and the balance was subsequently paid in full.

After the transfer the vendor remained in the house as one of the family and the purchaser divided her time between the boarding house and her former home.

Soon after this transfer Keating issued an execution and caused the household goods to be sold by the sheriff as the property of Mrs. Carpenter. Mrs. Downing then bought this suit against the sheriff and recovered a verdict of $195. The learned judge submitted the case to the jury in a charge free from objection save in one particular, as to which he said : " The testimony of the plaintiff, Mrs. Downing, is that ' I brought the property for $100, provided I let my mother have her home with me.' Those who are indebted cannot put their property out of their hands and avoid their creditors in order to provide future maintenance for themselves. The testimony in this case in reference to that is somewhat vague. If it were more decided we should feel it our duty to say to you as a matter of law that under the evidence the plaintiff cannot recover. We do say to you, however, that if you find this property was in value in excess of $100, and that in consideration of $100 and the future maintenance of the mother, the mother sold it to the daughter, the daughter agreeing to pay $100 and agreeing to maintain the mother, we say that would be a fraud in law, that the mother could not place the property out of the reach of her creditors in that way, and that the plaintiff cannot recover."

The amount of the verdict is almost twice the money part of the consideration paid for the property, and we have looked in vain in the evidence for any word of qualification affecting the consideration as stated by the plaintiff. The damaging statement was from the mouth of the plaintiff herself, and she cannot complain if the court takes the case as she makes it : Kohler v. Railroad Co., 135 Pa. 346.

The statement of the law as made by the learned trial judge was exactly correct and should have been applied so as to direct a verdict for the defendant, as there was no dispute as to the consideration, which must be adjudged as fraudulent in law, under the decision of Sanders v. Wagonseller, 19 Pa. 248 ; Hennon v. McClane, 88 Pa. 219 ; Shakely v. Guthrie, 2 Pa. Superior Ct. 414.

The second assignment of error is sustained and the judgment is reversed.