## Department of Public Assistance v. Weilgus et al.

*David Wachtel*, for plaintiff.
*William Vincent Mullin*, for defendants.

FLOOD, J., March 2, 1942.—The bill avers and the answer admits: The Commonwealth of Pennsylvania through plaintiff paid to defendants Simon and Catherine Weilgus the sum of $145.20 as general assistance pursuant to the Public Assistance Law of June 24, 1937, P. L. 2051. Said two defendants were the owners of premises known as 2969 Mercer Street, Philadelphia, described in the bill and having a fair value of $1,500. On July 2, 1940, they conveyed the premises to the other defendant, Stanley Weilgus, their son. The bill avers and the answer denies that the transfer was made in fraud of the rights of creditors and expressly for the purpose of preventing the placing

of a lien thereon by the Commonwealth through plaintiff; that defendant Stanley Weilgus paid only $1 consideration whereas fair consideration would have been $1,500; and that he knew at the time that the other defendants made the conveyance to him in order to prevent the application of the premises to the payment of their obligation to the Commonwealth. The bill also avers that the transfer made defendants Simon and Catherine Weilgus insolvent, and that averment is insufficiently denied in the answer. The bill seeks a decree declaring the conveyance fraudulent and void and ordering a reconveyance thereof to defendants Simon and Catherine Weilgus. It also seeks a decree that the sum of $1,450.20 is due from defendants Simon and Catherine Weilgus to plaintiff and that said sum constitutes a lien against the above-mentioned premises.

The sole issue in the case is whether or not the conveyance is fraudulent in law or in fact as to plaintiff. . . .

Defendants Simon and Catherine Weilgus, husband and wife, received relief from the Commonwealth of Pennsylvania from 1937 until 1939 totalling $1,450.20. Under The Support Law of June 24, 1937, P. L. 2045, as amended by the Act of June 9, 1939, P. L. 310, 62 PS §1974, ". . . personal property of any indigent person shall be liable for the expenses of his . . . assistance . . . incurred by any public body or public agency, if such property was owned during the time such expenses were incurred. . . ."

It is further provided that the public body ". . . may sue for moneys so expended, and any judgment obtained shall be a lien upon the real estate of such indigent person, and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such indigent person, which home shall be subject to the lien of such judgment but shall not be subject to execution on such

judgment during the lifetime of the indigent person, surviving spouse, or dependent children."

Acting in pursuance of this provision plaintiff sought to have defendants Simon and Catherine Weilgus sign a reimbursement agreement, but they steadfastly refused to do so.

After several such requests had been made, Simon and Catherine Weilgus, on July 2, 1940, conveyed to their son, Stanley Weilgus, the other defendant, premises 2969 Mercer Street, Philadelphia, to which they held title by the entireties, and in which they live. The consideration named in the deed was "One Dollar and other lawful money of the United States of America". Defendant Stanley Weilgus, however, testified that the actual consideration was his promise to turn over his pay to his parents to take the place of the relief payments which had been stopped. At the time of the conveyance the financial condition of Simon and Catherine Weilgus was such that the conveyance rendered them insolvent.

Commencing in August 1939, and continuing until the time of the trial, Stanley Weilgus turned over to his parents all of his pay, less social security payments, union dues, and one or two dollars per week which he retained for spending money.

There seems to be little doubt that this conveyance is of no effect so far as the rights of plaintiff are concerned. As to existing creditors a conveyance to a child in consideration of support to be given in the future is invalid: Hennon v. McClane, 88 Pa. 219 (1879); Shakely, for use, v. Guthrie, Admr., et al., 2 Pa. Superior Ct. 414 (1896). Although it appears in these cases that there may have been an actual intention to defraud, we do not think that any such intention need be present to render a conveyance from parents to child fraudulent as to creditors where it renders the grantor insolvent and the only consideration is support to be given in the future. See 2 A. L. R. 1438.

In the absence of the actual fraud, we see no necessity to order a reconveyance. We decide merely that it is fraudulent in law and of no effect as to plaintiff in this case. In such case, we need merely decree that the sum due plaintiff is a lien upon the property.

It is most unfortunate that defendants Simon and Catherine Weilgus have taken the steps which they have in this case which apparently deprived them for some months of needed relief, since under the act execution cannot issue against their home during their lifetime. However, the Commonwealth is entitled to eventual reimbursement out of their property for the assistance given them. . . .

### Decree

And now, to wit, March 2, 1942, it is ordered and decreed:

1. That defendants Simon Weilgus and Catherine Weilgus, also known as Szymon Weilgus and Katarzina Weilgus, are indebted to plaintiff, Department of Public Assistance of the Commonwealth of Pennsylvania, in the sum of $1,450.20.

2. That under section 4 of The Support Law of June 24, 1937, P. L. 2045, as amended by the Act of June 9, 1939, P. L. 310, said sum is hereby decreed to be a lien upon premises 2969 Mercer Street, Philadelphia, Pa.