# Kistler *v.* Fidelity Mutual Life Insurance Co., Appellant.

*Appeals—Review—Injection of new question on appeal—Practice, C. P.—Insurance.*

In an action to recover the cash surrender value and apportioned profits under a life insurance policy, where the case has been tried in the court below upon a theory which seemed to have suited both parties, the appellate court will not permit the appellant to raise a question of fact not submitted in the lower court.

Argued Dec. 7, 1916. Appeal, No. 141, Oct. T., 1916, by defendant, from judgment of C. P. Lehigh Co., Sept. T., 1915, No. 39, on verdict for plaintiff in case of Noah A. Kistler et al. v. The Fidelity Mutual Life Ins. Co. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover cash surrender value and share of profits on a policy of life insurance. Before GROMAN, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $853. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*C. T. Reno,* of *Dewalt & Reno,* with him *George H. Wilson,* for appellant

*Harvey H. Steckel,* for appellees.

OPINION BY TREXLER, J., March 16, 1917:

This was a suit to recover the cash surrender value and apportioned profits under a life insurance policy. The policy dated December 15, 1904, provides as follows: "This insurance is granted as of date, December 15, 1894, in consideration of the application herefor, which is made a part hereof, and of the surrender and cancellation of policy Number 11,145 issued by the Fidelity Mutual Life Association, now the Fidelity Mutual Life Insurance Company, and of the payment in advance of Forty-seven and 42-100 Dollars, and of the payment of a like amount on or before the fifteenth day of December in every year thereafter, until premiums for twenty years have been duly paid, or until the prior death of the insured. The premium paying period of this policy ends on the fifteenth day of December, 1914."

It will be noticed that a certain sum shall be paid every year until premiums for twenty years have been paid, and then it is definitely stated that the premium paying period is to end in ten years, on the fifteenth day of December, 1914. The two conditions are in direct conflict. The most plausible way of reconciling them would be to assume that the surrender of the former policy settled the premiums for the ten years between the date fixed by the policy as of December 15, 1894, and the actual date, December 15, 1904. The plaintiff was called by the defendant as of cross-examination. He was asked what was the condition under which the old policy which preceded the present one was surrendered, and in reply he stated: "The condition by the agent was that they would grant me ten years on this policy and that I was to pay only ten years and then my policy would be paid up December 15, 1914." This testimony, it will be noticed, was elicited by the defendant and was responsive to the question. The case then proceeded without any further reference to the payment of premiums, the bone

of contention being that the plaintiff had given a certificate of loan to the defendant company, and that this was a set-off to the claim. The only question submitted by the court to the jury was whether such certificate had actually been given, the plaintiff alleging that what purported to be his signature to the certificate was forged. The judge in his charge stated repeatedly that this was the only question in the case and the verdict settled that the plaintiff's contention was right and that he had not given the certificate.

The defendant now seeks to interject on appeal the question whether the requisite number of premiums had been paid. This it seeks to justify on the ground that the court refused binding instructions for the defendant. The case was submitted upon a theory which seems to have suited both litigants. The court's attention was not called to the fact that any other question than the giving of the certificate was involved in the case. The pleadings show that the issue was joined upon that question. Even the reasons for a new trial make no reference to the alleged failure to pay the premiums. It would be manifestly unfair to have the defendant try the case upon one theory and then to raise before the appellate court a question of fact not submitted in the lower court.

The assignments of error are overruled and the judgment is affirmed.