## Isett, Appellant, *v.* Maclay.

*Deeds—Fraud on creditors—Future consideration—Notes—Delivery—Seal—Consideration—Gift—Debtor and creditor—Family relation—Res judicata—Appeal—Question not raised below.*

1. A deed of land by an elderly woman to a trained nurse in consideration of the latter giving up her profession and serving the grantor for the remainder of the latter's life, while not good against existing creditors, will be sustained against the claim of a nephew of the grantor, where it appears that the nephew stood in the position of a foster son to his aunt, lived with her during his early life, worked on her farm, paying for seed and other necessaries from

time to time, without any agreement however that he should be repaid, or request on his part for such payment, and without any evidence of indebtedness on her part, except a promissory note under seal for a large amount signed by her, made payable at her death, and handed to him by a stranger four months after the aunt's death, without its prior existence having been known either to the nephew or the grantee under the deed.

2. In such a case, there was no such delivery of the note as to create the relation of debtor and creditor, or to make it sufficient as a gift. Even the seal did not import a consideration, as the instrument was undelivered in the maker's lifetime.

3. On a suit in equity by an alleged creditor of a decedent against a grantee of the decedent under a deed, made in consideration of services to be rendered for the remainder of the grantor's lifetime, a judgment secured against the administrator alone of the grantor, cannot be claimed on appeal as res judicata against the grantee, although the latter intervened, if it appears that no such question was raised in the court below.

Argued April 22, 1919. Appeal, No. 295, Jan. T., 1919, by plaintiff, from decree of C. P. Huntingdon Co., May T., 1917, No. 222, dismissing bill in equity in case of H. C. Isett v. Ellen C. Maclay. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Bill in equity for the cancellation of a deed. Before BAILEY, P. J.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree dismissing the bill.

*H. H. Waite,* with him *Jas. S. Woods,* for appellant.— The case was res judicata by the judgment: Metzger's Est., 242 Pa. 69; Browarsky's Est., 252 Pa. 35; People's Water Co. v. Pittston, 241 Pa. 208; McKown's Est., 198 Pa. 102.

The appellant was such a creditor of the decedent, as to entitle him to invoke the Statute of Elizabeth against the conveyance by the decedent of her property: Shontz v. Brown, 27 Pa. 123; Heath v. Page, 63 Pa. 108; Sand-

ers v. Wagonseller, 19 Pa. 248; Downing v. Gault, 8 Pa. Superior Ct. 52; Shakely v. Guthrie, 2 Pa. Superior Ct. 414.

*R. A. Orbison,* with him *John Weaver,* for appellee.— Error may not be alleged in the appellate court on different grounds from that taken in the court below: Weiskircher v. Connelly, 256 Pa. 387; Achenbach v. Stoddard, 253 Pa. 338; Kistler v. Fidelity M. Life Ins. Co., 66 Pa. Superior Ct. 273.

The paper which was not delivered until after the death of the maker was without consideration, even if it bore a seal, there being no evidence to show that the maker was indebted to payee: Pringle v. Pringle, 59 Pa. 281; Trough's Est., 75 Pa. 115; Scott v. Lauman, 104 Pa. 593.

OPINION BY MR. JUSTICE WALLING, June 21, 1919:

This bill in equity was filed to secure the cancellation of a deed on the ground of fraud. In February, 1914, Mrs. Margaret C. Isett, a childless widow, 83 years old, residing on her farm in Huntingdon County, entered into a contract with her niece, Ellen C. Maclay, a trained nurse living in Philadelphia, that the latter should give up her profession and reside with and care for the former during the balance of her life, for which Miss Maclay was to have all of Mrs. Isett's property, including the farm, worth about $4,500 and $6,000 in personalty. All of which was duly transferred and the use thereof for life secured to Mrs. Isett. The niece carried out her part of the agreement and the old lady died three years later.

The plaintiff, H. C. Isett, was a nephew of Mrs. Isett's husband, and lived with them as a member of the family from the death of his parents in 1884 until his marriage in 1897. He stood to them as a foster son and after his uncle's death in 1897, although a railroad conductor with a home in Harrisburg, continued to spend as much time as possible on the farm and still called it home. He as-

sisted his aunt in its management and did work thereon, also bought seed grain and other necessaries for the farm from time to time. He kept no account of the work so done or money so expended and never requested payment for either, and while she made some statements that he would be paid there was no agreement to that effect. In April, 1917, four months after the death of Mrs. Isett, a colored man, stranger to plaintiff, handed him an envelope in which was a note as follows (omitting the judgment clause and waivers), viz:

"$3500.00                                July 10, 1908.

"After death I promise to pay to the order of Harry C. Isett, thirty-five hundred, or the farm, dollars, with interest, and without defalcation, for value received. ......Witness my hand and seal the day and year above written.                    MAGGIE C. ISETT (seal)."

Plaintiff had no knowledge of the existence of the note until it was handed to him as above stated, nor so far as appears was it delivered to any one for him or placed in escrow prior to that time. Defendant had no knowledge of plaintiff's claim until after the death of Mrs. Isett and acted throughout in good faith.

After this bill was filed plaintiff brought an action of assumpsit against Mrs. Isett's administrator upon the note, wherein Miss Maclay was permitted to intervene as a defendant. The trial of that case resulted in a verdict in favor of plaintiff for the amount of the note and interest, upon which judgment was later entered against the administrator alone. Before that judgment was entered the record of the case was offered in evidence at this trial for the purpose of identifying the note and to show that its lien had been kept alive, and later the judgment entered therein was also offered in evidence; but there was no claim made in the court below that the judgment entered against the administrator was res judicata of the present case or any branch of it.

The trial court, on a finding of the facts somewhat more at large than above stated, coupled with the con-

clusion that plaintiff was not a creditor of Mrs. Isett in 1914, when she deeded the farm to defendant, entered a final decree dismissing the bill; from which plaintiff brought this appeal.

We find no reversible error. Under the Statute of Elizabeth a conveyance of land as here to secure future maintenance is void as to existing creditors (Houseman v. Crossman et al., 177 Pa. 453; Heath v. Page, 63 Pa. 108, 121; Sanders v. Wagonseller, 19 Pa. 248; Chisholm v. Moore, 49 Pa. Superior Ct. 132; Downing v. Gault, 8 Pa. Superior Ct. 52), but otherwise valid: Hennon v. McClane, 88 Pa. 219; Preston v. Jones, 50 Pa. 54. So the real question here is, was plaintiff a creditor of Mrs. Isett in February, 1914? She was not indebted to him upon the note, for he had no knowledge of its existence, and, so far as appears, it was then in her possession and under her control so she might lawfully have destroyed it. Until actual or constructive delivery a note does not create the relation of debtor and creditor. See Mc-Kown's Est. (No. 2), 198 Pa. 102; also Negotiable Instrument Act of May 16, 1901, P. L. 197 (3 Stewart's Purdon, p. 3259). Even the seal does not import a consideration upon an undelivered instrument: Trough's Est., 75 Pa. 115; Pringle v. Pringle, 59 Pa. 281.

As the note was not delivered in the lifetime of the maker it was not effective as a gift: Clapper v. Frederick, 199 Pa. 609; Scott v. Lauman, 104 Pa. 593.

The only claim of indebtedness averred in the bill is the $3,500, evidenced by the note, and there is no suggestion of a claim for work done or money advanced. Aside from that the court below rightly found such claim was not sustained by the evidence. Neither the extent or value of the work done nor the amount of money advanced is shown, so there is nothing upon which to base a recovery; and, as plaintiff stood in place of a son and made no request for payment during a period of twenty years, the trial court properly found that the relation of debtor and creditor was not intended.

The claim that the judgment against the administrator is res judicata here cannot prevail. It was not raised in the lower court and therefore will not be considered on appeal: Weiskircher v. Connelly, 256 Pa. 387; Achenbach v. Stoddard, 253 Pa. 338; Kistler v. Fidelity Mutual Life Insurance Co., 66 Pa. Superior Ct. 273. No such claim is or could have been made in the original bill, nor is it brought upon the record by amendment, and relief in equity must conform to the case made by the pleadings as well as to the proofs: Spangler Brewing Company v. McHenry, 242 Pa. 522; Frey v. Stipp, 224 Pa. 390; Luther v. Luther, 216 Pa. 1. The other record was properly admitted to show a continuance of the lien of plaintiff's claim, but beyond that was not relevant under the pleadings. Plaintiff, having judgment against the administrator, could properly have tested the title to the land in question by a sheriff's sale and ejectment (Hyde v. Baker, 212 Pa. 224) ; but as the bill was rightly dismissed on other grounds and the question of equity jurisdiction is not raised we express no opinion thereon.

The appeal is dismissed at the costs of appellant.