## Porter *v.* Commonwealth Casualty Co., Appellant.

*Insurance—Accident insurance—Different hazards—Change of employment—Notice.*

1. In a suit on a contract of accident insurance providing for different rates according to the hazards of certain classified employments, with a provision that if the insured changed his employment to one of a more hazardous character he must give notice, a verdict and judgment for the insured will be sustained, where the evidence tends to show that the insured was not employed at the date of the contract, or at his death, in one of the expressly classified employments, that the difference in duties performed at his death and those at the date of the contract was not such as enlarged the possibility of loss, and that he was not engaged in a prohibited calling under the contract.

2. In such case, notice of change of occupation was not necessary.

*Appeals—Assignments of error — Admission of evidence — Refusal to strike out evidence—Failure to quote evidence.*

3. Assignments of error to the admission of evidence, or refusal to strike it out, which does not set forth the evidence, is a plain violation of the rules of court.

Argued April 20, 1921. Appeal, No. 447, Jan. T., 1921, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1918, No. 28, on verdict for plaintiff, in case of Rebecca H. Porter v. Commonwealth Casualty Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on contract of accident insurance. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,317.33. Defendant appealed.

*Errors assigned* were various rulings and instructions, and refusal of judgment for defendant n. o. v., quoting the record.

*C. William Freed,* with him *H. W. Petriken,* for appellant.

*W. M. Henderson,* for appellee.

OPINION BY MR. JUSTICE SADLER, May 16, 1921:

The Fraternities Accident Order issued a membership certificate to plaintiff's husband, which provided for the payment of a certain sum in case of death "through external, violent and accidental means." The obligations of the order were subsequently assumed by defendant: Jones v. Commonwealth Casualty Co., 255 Pa. 566. Porter later met with an injury resulting in death, and his widow brought this action to recover the benefits agreed upon. Under proper instructions, the jury found the loss was occasioned by an accident, and as to the correctness of this conclusion there seems to be little dispute. The real controversy centered upon the nature of the employment of deceased at the time of death, it being contended the hazard had been increased by a change of occupation after the issuance of the certificate, which, under the circumstances, relieved the defendant of liability.

The laws of the order classified those admissible to membership. Certain persons were made ineligible, as were others, engaged in designated trades. Those employed in various named lines of work were divided into groups based on the supposed risk, and the rates charged were thus fixed. Provision was made for changes of vocation which increased the hazard of loss; in which case the member was directed to apply for leave, to named officers, so that a new classification could be determined upon, and the rate adjusted. The order reserved the right, under section 52 of its by-laws, to cancel the certificate if the new employment augmented the risk, and, where enhanced, it was the duty of the insured to notify the grand secretary. In the application for membership, it was stipulated by the

insured, "I understand the classification of risks, and agree that for any injury received in any occupation or exposure classified by this order as more hazardous than above stated, I, or my beneficiary, as the case may be, shall be entitled to receive only the benefits provided for in the laws of the order."

When Porter applied for membership he gave his occupation as a merchant "with usual store duties," not including, however, "porter work or driving wagon." At the time of his death he was employed as janitor of a small school, "doing manual labor." Neither of these kinds of work was expressly classified in the manual of the order, and from it alone no determination could be made as to the question of increased hazard. Plaintiff contended the difference in duties performed was not such as enlarged the possibility of loss, and the jury, upon ample evidence and with proper instructions, so found. It likewise concluded the deceased was not engaged in "porter work," a prohibited calling under the certificate issued to him. All questions of fact involved were passed upon adversely to defendant, and the matters at issue were clearly to be determined by it, and not by the court as a matter of law. There is no merit in defendant's contention that it was entitled to a verdict because of the failure of plaintiff to give notice of his change in occupation, since the jury found the hazard was not increased, and it was only in such case that this was required.

The first eight assignments of error are directed to the admission of testimony, or complain of the refusal to strike matters objected to from the record. In none is the evidence excepted to set forth—a plain violation of the rules of court. The ninth and tenth complain of a failure to give binding instructions for defendant; this could not have been done, as the result to be reached was dependent upon the determination of questions of fact. For like reason, judgment could not have been

entered non obstante veredicto, and the eleventh assign-
ment, based on this refusal, is also overruled.

The judgment is affirmed.