# Maisel v. Patrick Corr & Sons, Inc., Appellant.

*Appeals—Question not raised in court below.*

1. An appellate court will not consider questions not set forth in the affidavit of defense nor advanced at the trial.

*Principal and agent—Real estate broker—Commissions—Procuring cause of purchase—Agent.*

2. Where a person renting desk room in the office of a licensed real estate broker, who has a property for sale, gets into communication, through a telephone call to the office, with one who desires to purchase the property, and the latter employs him in writing to secure the property at an amount stated for a commission stated, and the agent thus appointed deals with the broker and secures the property with the assent of his principal at a price above the amount stated in the agreement but less than the originally demanded price, the agent is entitled to his commissions.

3. The agent's relations with the broker do not prevent his recovery in such a case.

*Practice, C. P.—Judgment n. o. v.—Evidence.*

4. It is only where evidence is undisputed that the court can enter judgment against the verdict.

Argued March 19, 1923. Appeal, No. 264, Jan. T., 1923, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1920, No. 2938, on verdict for plaintiff, in case of Ernest Maisel v. Patrick Corr & Sons, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions for purchase of real estate. Before BARTLETT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,761.50. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*Julius C. Levi,* with him *Alvin L. Levi* and *David Mandel, Jr.,* for appellant.—A real estate agent does not earn his commission by submitting to the owner of the property a proposition from one with whom the owner had already been negotiating, unless it is by reason of the intervention of the agent that the purchaser is ultimately induced to buy the property: Barrow v. Newton, 55 Pa. Superior Ct. 387; Mitchell v. Locomotive Works, 265 Pa. 148; Rice v. Davis, 136 Pa. 439.

*Herman Muller,* for appellee.—Appellee, whether or not he was technically a real estate broker, was the efficient, proximate procuring cause of the purchase, particularly in view of his relationship with the agent of the seller.

The arrangement between defendant and plaintiff was a special contract for compensation for procuring the warehouse for defendant at a saving to defendant: Callaway v. Prettyman, 218 Pa. 293; Black v. Snook, 204 Pa. 119; Meyer v. Wiest, 250 Pa. 573.

OPINION BY MR. JUSTICE SCHAFFER, April 30, 1923:

Plaintiff declared on a written contract, under which he alleged defendant agreed to pay him a commission for the purchase of a warehouse property, which was acquired by it, following negotiations, in which admittedly plaintiff took part. The contract was in the form of a letter, dated March 1, 1920, addressed by defendant to plaintiff, and says: "You are hereby authorized to represent me in the purchase of premises known as Oakdale & Trenton Avenue (A. J. Reach Warehouse). We offer you a bona fide offer of One Hundred Twenty-five Thousand Dollars ($125,000) for this property and we agree to pay you a commission of 5% same as provided by the Philadelphia Real Estate Board."

Defendant's position is, that the commission was only to be paid in the event of its acquiring the property at the sum named, $125,000, but the difficulty with this is,

that the letter does not so state. Defendant further asserts that plaintiff was not the efficient, proximate and procuring cause of the purchase by it, and that his peculiar relationship and association with the seller's broker, precludes a recovery; appellant complains that it was not permitted on the trial to fully develop this relationship. There are two other questions raised, but they cannot be successfully urged before us, as they were not set forth in the affidavit of defense: Dietrich v. Davies, 274 Pa. 213; nor advanced on the trial: Isett v. Maclay, 265 Pa. 165; Sullivan v. Baltimore & Ohio R. R. Co., 272 Pa. 429.

William C. Benkert was a broker, employed by the owner of the warehouse, to effectuate its sale. Plaintiff, who was, as he testified, learning the real estate business, rented desk room from Benkert in the latter's suite of offices. Benkert advertised the property for sale, and defendant, seeing the advertisement, and desiring such a warehouse, telephoned the former's office and Benkert's stenographer put plaintiff on the telephone. The inquiry made was as to the selling price of the property, plaintiff replied that Benkert he knew was asking $150,-000 for it. Appellee, following this telephone conversation, called at defendant's place of business, talked with its officers, arranged to show them through the premises, which he did, and brought defendant to Benkert's attention as a possible purchaser. Benkert, learning from plaintiff that he had gotten in touch with defendant, as a result of the telephone call made to his, Benkert's, office, informed plaintiff that in view of this he would not be paid any part of the commission if a sale were made. Plaintiff testified that as a result of this conversation, he again went to defendant's office, and told Joseph J. Corr, its vice-president, that he could not get a commission from Benkert, and asked his, Corr's, help, saying he would save them money if they would employ him, and if he could not do so, he did not want anything; that Corr talked the matter over with his father and

brothers, who were the others in interest in the defendant company, and, following this, Joseph J. Corr said, "We will give you a deal"; that it was arranged plaintiff should put in a bid of $125,000, although he thought he could not get the property for that price, "but somewhere around that," and then the letter of March 1st was written and signed by Joseph J. Corr. On the same day, plaintiff made the offer of $125,000 to Benkert, who refused it. Plaintiff further testified he received authority from Joseph J. Corr to increase the offer to $130,-000, and this offer was also made and refused. Appellee then suggested that the officers of defendant (it was a family corporation, all its officers being members of the Corr family) meet with him at Benkert's office, which they did. Plaintiff introduced them to Benkert, and, acting under the authority of the president, made an offer of $135,000, which, after communicating with his principal by telephone, Benkert accepted. It was testified by the Corrs, and another witness who accompanied them, that this offer was made, with the express declaration by them, that they would not pay any commission, and that it was understood by all parties that no commissions were to be paid. This was denied by plaintiff and by Benkert.

Following the acceptance of defendant's offer, an agreement of sale was drawn and executed, and, ultimately, the transaction was completed by the delivery of the deed and the payment of the purchase money. After this had taken place, plaintiff rendered a bill to defendant for his commission of 5% on the purchase price.

In view of plaintiff's testimony and of the letter, we do not see how, as a matter of law, it could be said he was not the efficient, proximate and procuring cause of the purchase of the property, nor do we think his relation with Benkert, which, so far as the testimony discloses, was nothing more than that of a tenant leasing desk room from him, would be sufficient to deny payment for the service he rendered, if the jury credited his testi-

mony, as they evidently did. The complaint of appellant that he was not permitted to fully develop the relationship between appellee and Benkert is not well founded; what was endeavored to be shown as indicating a closer relation was that Benkert had been actively concerned in plaintiff's behalf on a former trial of the case; this fact, in itself, could have no material bearing on what their relationship was, in view of their uncontradicted testimony as to what it was actually.

Appellant's contention that the understanding was, at the time of the writing of the letter, that appellee should be entitled to his commission only if the sale was made for $125,000, is offset by the evidence that plaintiff was authorized to increase the offer to $130,000; this would indicate that the payment of a commission could not have been contingent on the purchase of the property at the sum mentioned in the letter.

Defendant's counsel, in their printed brief say that their principal contention is that judgment should have been entered for the defendant non obstante veredicto. We think if the trial court had pursued this course, it would have usurped the functions of the jury. The issue raised by the testimony was clearly one of fact. It is only where the evidence is undisputed that the court can enter judgment against the verdict: Porter v. Commonwealth Casualty Co., 270 Pa. 508; Rice v. Erie R. R. Co., 271 Pa. 180; Dalmas v. Kemble, 215 Pa. 410.

We have carefully considered all the assignments of error brought on the record by appellant and think none of them would warrant our interference with the result in the court below.

The judgment is affirmed.