## Gilles v. Leas.

*Trespass—Automobiles — Negligence—Contributory negligence—Question for jury.*

In an action of trespass to recover damages for personal injuries caused by plaintiff's having been struck by an automobile at or near a street crossing, where there is conflicting testimony as to whether or not the accident happened on the crossing and as to whether the plaintiff was struck by the automobile or walked into it himself, and where it appears there was no obstruction to the view of either the pedestrian or the driver of the automobile, the case is properly one for the jury on the questions of negligence and contributory negligence, and judgment cannot be entered for the defendant *non obstante veredicto.*

Motion for judgment *n. o. v.*   C. P. No. 5, Phila. Co., Dec. T., 1922, No. 7524.

*Goodfriend, Diamond & Daly*, for plaintiff;  *W. W. Smithers*, for defendant.

MARTIN, P. J., June 13, 1924.—Plaintiff was struck by defendant's automobile and seriously injured on the evening of Jan. 24, 1923, at 5.40 o'clock P. M., while crossing Market Street at 23rd Street.

At the trial, plaintiff testified he had alighted from a trolley car at 24th and Market Streets, and walked along the north side of Market Street toward 23rd Street, intending to go to the southwest corner of 23rd and Market Streets; when he reached 23rd Street, he stopped to look up at the semaphore, which said "stop" on Market Street; before he crossed Market Street, he stopped at 23rd and Market Streets, on the north side, "looked east of 23rd Street" and saw a couple of automobiles standing there; then he started to cross, left the curb, started across Market Street to the south side of Market Street, then looked again; before he took a few steps, and the cars were still standing there at 23rd and Market Streets, on the east side, so he continued, looked up and saw the semaphore just about turning as he was about five feet away from the north rail; then he kept on walking across to the south side of the street; when he got to the south side rail of the west-bound track he was hit by the automobile. He was asked: "Did you hear any horn blown before the automobile struck you?" and replied, "No, sir; no horn at all." He said he was struck by the front of the machine at the left side; that there were no vehicles or anything of any nature that obstructed his view between himself and the east side of 23rd Street and the north side of Market Street. It was raining. It was dark, but the lights on Market Street were lit. He said he was using the crossing other people used at that point.

This testimony was the only evidence offered for the plaintiff to describe the accident. There was testimony by the defendant and other witnesses that plaintiff walked into the right-hand fender of defendant's car.

The case was submitted to the jury and a verdict rendered in favor of plaintiff. A point for binding instructions submitted on behalf of defendant was refused.

In determining the question of the right of defendant to have judgment *n. o. v.*, the controlling question is, would binding instructions for defendant have been proper at the end of the trial? In deciding that point, the evidence must be read in the light most favorable to the plaintiff, the latter being given the benefit of every fact and inference of fact pertinent to the issue involved which may legitimately be drawn from the evidence: Smith *v.* Standard Steel Car Co., 262 Pa. 550.

In Streitfeld *v.* Shoemaker, 185 Pa. 265, 268-9, it was said: "There was not a scintilla of evidence showing any obstruction to the driver's view of the crossing or of the plaintiff after he started to cross the street upon it.   It

Gilles *v.* Leas.

was the duty of the driver, upon approaching the crossing, to notice whether any person or persons were in the way of his passage over, and the omission to do so would constitute a want of ordinary care. If he discharged his duty in this particular, would he not have seen the plaintiff on the crossing near to or between the tracks of the railway on which he was driving? If, having seen the plaintiff there, he made no effort to avoid the occurrence when it was practicable to do so, he disregarded an equally plain duty. We think the court was not warranted by the evidence in holding that there was no negligence on the part of the driver, and that the occurrence in question was attributable to the negligence of the plaintiff. The questions of negligence were fairly raised by the evidence, and it was the province of the jury to decide them. Whether the driver, in approaching and passing over the crossing, exercised the care required by the circumstances is a question arising from the evidence and not determinable by the court, and, in view of the evidence, . . . the question of his negligence was clearly for the jury."

There was testimony by defendant and his witnesses that plaintiff walked into the machine, and that he was not upon the crossing when the accident occurred. "The issue raised by the testimony was clearly one of fact. It is only where the evidence is undisputed that the court can enter judgment against the verdict:" Maisel *v.* Patrick Corr & Sons, Inc., 277 Pa. 331-335.

There was no rule entered for a new trial.

And now, to wit, June 13, 1924, the motion for judgment *n. o. v.* is refused, and it is ordered that judgment be entered upon the verdict in favor of plaintiff and against the defendant.