## Miner *versus* Warner.

1. The conveyance of real estate from a father to his son, in part consideration that the son shall maintain his father and mother, is fraudulent in law against the existing creditors of the father, unless it is shown that the father is still possessed of property sufficient to discharge his debts.

2. A conveyance, if made with the intent to hinder, delay, or defraud creditors, is void against one whose demand against the grantor was based upon a letter of recommendation, given by the grantor, to his son, before the conveyance, but upon which a recovery was had, subsequently thereto.

3. A judgment entered against a father in his life-time, is a lien upon lands fraudulently conveyed by the father to his son, either before or after the entry of the judgment, although the judgment was not revived within five years from its entry, nor within five years after the death of the father.

ERROR to the Court of Common Pleas of *Bradford county*.

*Baird*, for plaintiff in error.

*Elwell*, for defendant in error.

The opinion of the court was delivered by

KNOX, J.—Were it not necessary to pass upon the question as to how far the judgment against the defendant as terre-tenant, upon the *scire facias*, is conclusive against his claim of title in this action of ejectment, it would be worthy of serious consideration,

[Miner *v.* Warner.]

whether he is within the rule laid down by this court in *Mitchell* v. *Hamilton*, 8 Barr, 486. In accordance with the decision there made, it may be admitted that an occupant or terre-tenant, holding an adverse title, is not bound to have its validity determined in a *scire facias* to revive a judgment; but it may well be doubted whether this would be so when the occupant or terre-tenant was in possession under title derived solely from the defendant in the judgment, either anterior or subsequent to its entry.

As, however, this point was held by the court below, in favor of the plaintiff in error, it does not necessarily come before us for revision, and we therefore give no binding opinion upon it. To affirm this judgment, it is necessary to establish the following legal propositions:

1. That a conveyance of real estate from a father to his son, in part consideration that the son should maintain his father and mother, is fraudulent, in law, against the existing creditors of the father, unless it is shown that the father is still possessed of property sufficient to discharge his debts.

2. That such conveyance, if made with the intention to hinder, delay or defraud creditors, is void against one whose demand against the grantor was based upon a letter of recommendation given by the grantor to his son, before the conveyance, but upon which a recovery was had, subsequently thereto.

3. That a judgment entered against a father in his lifetime, is a lien upon lands fraudulently conveyed by the father to his son, either before or after the entry of the judgment, although the judgment was not revived within five years from its entry, nor within five years after the death of the father.

It is believed that these propositions are clearly sustained by our own adjudicated cases. In *Johnston* v. *Harvey*, 2 P. R. 82, the conveyance, which was from a father to his son, in consideration that the son should pay all judgments of record against the father, and support the father and his family, was declared fraudulent against the creditors of the father. The same principle was substantially ruled in *Hach* v. *Stewart*, 8 Watts, 213, and was re-affirmed by this court, in *Sanders* v. *Wagonseller*, 7 Harris, 248.

It is undeniably true, that the creditors in whose favor a fraudulent deed will be declared void, must be those who would be defrauded if validity was given to the conveyance; but it does not follow, that one whose claim originated before, but was established after the conveyance, may not have been injured by it. The letter of recommendation in favor of the son, was the foundation of the father's liability, and this was prior to the date of the conveyance. The judgments obtained against the father, after the deed bears date, were not the commencement of his liability, but the result of it.

A specific design to defraud the particular creditor upon whose

[Miner *v*. Warner.]

judgment the estate was sold, need not be shown; it is enough to establish the intention to defraud a class of creditors, of which he was one.

It is strenuously urged by the plaintiff in error, that, even admitting the deed to have been fraudulent, the lien of the judgment was gone, because it was not revived within five years from its entry, nor until more than five years after the death of Daniel Miner, the original defendant in the judgment.

It is a mistake to suppose that this point was decided, as here contended for, in *Sharman* v. *The Farmers Bank of Reading*, 5 W. & S. 373. There, it is true, the estate, from which the fund was raised, had been conveyed by the debtor, in his lifetime, to his son, and son-in-law, in fraud of his creditors; but the contest was between creditors, neither of whom had obtained judgment against the father, before his death. Sharman had commenced an action, and recovered a judgment against the administrators, within five years from the death of the debtor. The claim of the bank was in suit commenced more than five years after the decease. Upon this state of facts it was held, that the liability of the real estate to pay the debt of the bank, was lost by lapse of time; and that this was so, in whose hands soever it might be. But the rule is different where the debt is evidenced by a judgment entered of record, in the life of the decedent. See *Konigmaker* v. *Brown*, 2 Harris, 269, and cases there cited.

The true rule is stated by Lewis, J., in *Sanders* v. *Wagonseller*, thus: "As the conveyance is void as against the interests attempted to be defrauded by it, the lien continues as fully as if the property had never been conveyed;" and by Gibson, C. J., in *Johnston* v. *Harvey*, 2 P. R. 93: "That a fraudulent conveyance is no conveyance against the interests intended to be defrauded." As, then, the conveyance from the father to the son is here to be treated as a nullity, the lien of the judgment attached to the land from the date of its entry, and continued as against the plaintiff in error, to the day of sale; the consequence of which is, that the purchaser at the sheriff's sale took a title which cannot now be gainsayed by the fraudulent grantee.

The error assigned upon the answer to the points, is so vaguely stated, that we cannot notice it, other than to say, we see nothing in it which calls for an interference.

Judgment affirmed.