Commonwealth of Pennsylvania, Department of Public Assistance, *v.* Smith et al., Appellants.

Argued March 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Regis F. Mahady,* with him *Paul W. Mahady,* for appellants.

*Joseph M. Loughran,* with him *Julius H. Tolson,* Special Deputy Attorney General, *M. Louise Rutherford,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE STERN, April 13, 1942:

During the period from December, 1934, to October, 1937, the Commonwealth of Pennsylvania furnished old age assistance to Elizabeth Smith in the aggregate sum of $672. On July 14, 1938, Elizabeth Smith conveyed the house where she lived in Latrobe to her son Gerald J. Smith and Alice Smith, his wife, the consideration expressed in the deed being one dollar. On September 9, 1938, Elizabeth Smith died. Seeking to recover the sums paid to her, (as it was entitled to do under the authority of *Waits' Estate,* 336 Pa. 151, 7 A.2d 329) the Commonwealth, through the Department of Public Assistance,

instituted suit in the Court of Common Pleas against Barclay-Westmoreland Trust Company, administrator of her estate, in accordance with the provisions of section 15(a) of the Act of June 7, 1917, P. L. 447, and also brought the present proceedings in equity to set aside the conveyance as being in fraud of its rights as a creditor of the decedent. The court directed judgment to be entered in the sum claimed by the Commonwealth with interest, and decreed that the conveyance be set aside to the extent necessary to satisfy the judgment.

Defendants appeal on various grounds, most of which relate to alleged procedural rather than substantive errors.

When the bill was originally filed, Elizabeth Smith, who was in fact then dead, was named, instead of her administrator, as one of the defendants. In overruling preliminary objections to the bill the court allowed an amendment to add the administrator as a party. This was clearly permissible: Act of May 4, 1864, P. L. 775, section 2; *Gray v. Philadelphia & Reading Coal & Iron Co.*, 286 Pa. 11, 14, 15, 132 A. 820, 821.

Defendants find fault with plaintiff's failure to join the heirs of Elizabeth Smith as defendants. The heirs have no interest in this litigation. Were plaintiff unsuccessful, the title to the house would remain in Gerald J. Smith and his wife; as it is, the title still remains in them, the conveyance being set aside only to the extent necessary to protect plaintiff's claim; thus neither benefit nor harm could possibly accrue to decedent's heirs.

Complaint is made of the inclusion in the decree of a money judgment in favor of plaintiff. If, as here, equity has jurisdiction of a case because of other remedies sought in the proceeding, there is nothing unusual or objectionable in the court making a decree for the payment of money which might have been recovered in an action at law. It is a familiar principle that, once equity jurisdiction is assumed, all matters connected with the subject-matter of the suit may and should be decided.

Decrees in equity for the payment of money are recognized and provided for in the Act of March 29, 1859, P. L. 289.

Another point raised by defendants is that the administrator was not made a party until after the expiration of a year from the time of decedent's death, and therefore, it is urged, this suit cannot be maintained because of the limitation provided in the Act of June 7, 1917, P. L. 447, section 35(b), as amended by the Act of May 2, 1925, P. L. 442. Apart from a grave question as to whether that provision does not constitute an extension rather than a restriction of the statutes of limitation, it is sufficient to say that the present proceeding is not one of the kinds of action to which the provision, by its terms, is confined.

Coming to the merits of the case, the court properly applied section 4 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, which provides that "Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made . . . without a fair consideration." That Elizabeth Smith was rendered insolvent by the conveyance was admitted in a letter of defendants' counsel which stated that she died without any real or personal property and leaving no estate to be settled. That the conveyance was made without a fair consideration was established prima facie by the fact that the consideration expressed in the deed was one dollar, and defendants, in their answer, did not deny the allegation in plaintiff's bill that a fair consideration would have been $2,100. Gerald J. Smith testified, in somewhat vague fashion, that the conveyance had been made to reimburse him for moneys he had laid out for his mother's support over a long period of years. Even if true, and even though an agreement to that effect had been made in advance by mother and son, it would not defeat the rights of plaintiff, because, where a conveyance of property is made in

consideration of an agreement to support the grantor in the future, it is invalid as to creditors if by the conveyance the grantor renders himself unable to pay his debts, the theory being that a conveyance whereby a debtor puts his property beyond the reach of his creditors under an agreement that it shall be devoted in any way to his own use is constructively fraudulent: *Miner v. Warner*, 2 Grant 448; *Hennon v. McClane*, 88 Pa. 219, 222; *Houseman v. Grossman*, 177 Pa. 453, 458, 459, 35 A. 736, 737; *Isett v. Maclay*, 265 Pa. 165, 169, 108 A. 610, 611; *Downing v. Gault*, 8 Pa. Superior Ct. 52, 54.

After the decree nisi had been entered, defendants filed a petition asking the court to compel plaintiff to elect to proceed either with the action instituted in the common pleas or with the equity proceedings. The court properly dismissed this petition. Even if it had been filed at a proper time—as obviously it was not—it would have been without merit. True, the Uniform Fraudulent Conveyance Act, section 9, gives a creditor the right either to have the fraudulent conveyance set aside to the extent necessary to satisfy his claim, or to disregard the conveyance and attach or levy execution upon the property conveyed, and in *Sauber v. Nouskajian*, 286 Pa. 449, 455, 133 A. 642, 644, the court suggested that the adverse party could perhaps compel an election on the part of the creditor as to which of these two remedies he would pursue. Here, however, the grantor's death created a special problem. It was absolutely necessary for plaintiff to institute and index an action in the common pleas within a year, as otherwise a proceeding would not lie in equity to nullify the fraudulent conveyance: *Central-Penn National Bank v. Culp*, 320 Pa. 358, 182 A. 239. Such action was merely a cautionary one, and on a judgment obtained therein execution and sale of the property could not have been had as in the case of a living debtor; therefore plaintiff was obliged to resort also to equity to have the conveyance set aside. In *American Trust Co. v. Kaufman*, 287 Pa. 461, 135 A. 210, a suit at law was

brought against the grantor during his lifetime and a writ of sci. fa. was issued within a year after his death to bring in his personal representative as a party defendant, which writ was duly entered in the judgment index, thus enabling the creditor to preserve its lien; a bill in equity was subsequently brought by the creditor to set aside the fraudulent conveyance and was sustained. See also *Handel & Hayden Building & Loan Assn. v. Elleford,* 258 Pa. 143, 147, 148, 101 A. 951, 953.

Decree affirmed, costs to be paid by defendants.