## Rylee et ux. v. Nicoll's Administrator

270

*Theodore L. Brubaker* and *W. Hensel Brown*, for plaintiffs.

*Windolph & Johnstone*, for defendant.

SCHAEFFER, P. J., July 28, 1950.—Plaintiffs, Harry M. Rylee and Mary E. Rylee, husband and wife, brought an action of trespass against David A. Nicoll, administrator of the estate of Irvin Nicoll, deceased, to recover damages for personal injuries resulting from an automobile accident on April 6, 1947, in Lancaster County. According to the complaint plaintiffs drove into the rear of an automobile, without front or rear lights, parked on the south lane of a highway. Irvin Nicoll, the driver and occupant of the parked automobile, died as a result of the accident on April 6, 1947.

An answer was filed to the complaint and a reply was filed to the answer. Defendant has moved for judgment on the pleadings on the following grounds:

"(*1*) The pleadings show on their face that the cause of action alleged in the plaintiffs' complaint is barred by the provisions of the Act of June 24, 1895, P. L. 236; (*2*) The pleadings show on their face that the cause of action alleged in the plaintiffs' complaint is barred by

the provisions of the Fiduciaries Act of 1917 as amended by the Act of July 2, 1937, P. L. 2755; and (*3*) The pleadings show on their face that the cause of action alleged in the plaintiffs' complaint is barred by the statute of limitations."

A writ of summons was issued in this suit on December 14, 1948, which was not served on defendant and no return of service was made by the sheriff. The summons was reissued on January 21, 1949, and reissued on April 14, 1949, but in both instances defendant was not served and no return of service was made by the sheriff. The summons was reissued finally on June 22, 1949, and was served on the defendant on July 18, 1949. Accordingly, the original summons was issued within two years of the date of accident. No return of service was made by the sheriff except as to the summons last reissued which was served on defendant. In every instance more than 30 days elapsed prior to reissuance. The last summons actually served was reissued more than two years from the date of the accident.

The Act of June 24, 1895, P. L. 236, provides as follows:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards." Defendant contends that if the summons served in the instant case is regarded as equivalent to a pluries writ under the practice prevailing prior to the adoption of the Pennsylvania Rules of Civil Procedure, plaintiff's claim would be barred under the above act. In Bovaird & Seyfang Manufacturing Co. v. Ferguson, 215 Pa. 235 (1906), it is stated:

" 'The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its commencement is not postponed to the time when service of

the writ is effected. Nor is it necessary that the writ whose issuance is the beginning of the action should be served at all. But it must be returned non est inventus or nihil habet, or otherwise; if not so returned it will be considered abandoned.' "

In Gibson v. Pittsburgh Transportation Co., 311 Pa. 312 (1933), it was decided that an action in trespass has been brought within one year after death of plaintiff's father under the Act of April 26, 1855, P. L. 309, sec. 2, when the præcipe for summons has been filed in the office of the prothonotary, the writ paid for, and the case properly indexed and docketed, even though the writ has not left that office until after expiration of the statutory period. It is said in the opinion: "The narrow issue is whether a writ of summons must leave the prothonotary's office on its way to the sheriff before an action may be said to have begun." In Mayo v. James Lees & Sons Co., 326 Pa. 341 (1937), it is said, at page 342:

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned nihil habet or non est inventus, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute."

The question arises whether this law and procedure were changed by the Pennsylvania Rules of Civil Procedure. Pa. R. C. P. 1010(b) provides: "A writ may be reissued or a complaint reinstated at any time and any number of times." Pa. R. C. P. 1013(a) provides:

"The sheriff shall make a return of service forthwith (1) Upon making service, or (2) if service has not been made and the writ has not been reissued or the com-

plaint reinstated, then upon the expiration of the period allowed for service."

Pa. R. C. P. 1009 (a) provides: "The writ, or the complaint if the action is commenced by complaint, shall be served by the sheriff within (30) thirty days after issuance or filing." In Amram's Common Pleas Practice, (5th), p. 30, it is said:

"There is no need of a sheriff's return of failure to serve the writ to warrant its reissuance. Under the prior practice an alias would not issue without a prior sheriff's return showing a failure to serve the original."

In Goodrich-Amram Actions at Law, Prelim. Surv., p. 75, it is said: "Rule 1010 (b) imposes no conditions upon the reissuance, permitting it to be made 'at any time.'" At p. 83 it is said: "The prior practice which required a return of 'nihil habet' as a condition precedent to an alias or pluries writ has been abandoned." Pa. R. C. P. 1013 (b) provides: "When the sheriff is unable to serve the writ or complaint he shall make a return Not Found."' However, the rules as formulated do not make the reissuance of the writ dependent upon a sheriff's return of a failure to obtain service. The alias and pluries writs have been superseded. Under the prior practice an alias writ, if the suit was considered as abandoned, constituted a new action so far as the running of the statutory period of limitations was concerned. Under the Procedural Rules the old writ can be revived at any time and by its reissuance a new 30 days' period for service is supplied, thereby keeping the cause of action alive.

The court concludes that since the adoption of the Pennsylvania Rules of Civil Procedure it is not necessary to have a sheriff's return of failure to serve the writ, to warrant its reissuance. The instant suit relates back to the date of the original summons issued on December 14, 1948, and it is not barred by the Act of

1895, supra. It is apparent that the procedural rule in controversy could be clarified.

Decedent died on the same day of the accident, April 6, 1947. The suit was brought on December 14, 1948, which was more than one year after the death of Irvin Nicoll. At that time and also at the time when the suit was brought section 35(*b*) of the Fiduciaries Act of 1917, as last amended by section 2 of the Act of July 2, 1937, P. L. 2755, was in force. This Act of 1937, which has now been repealed by the Act of April 18, 1949, P. L. 512, provides as follows:

"Executors or administrators shall have power, either alone or jointly with other plainitffs, to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived.

"All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred."

The interpretation of this section determines whether or not the instant claim is barred. If the effect of the language as used in this section is to reduce the ordinary two years' period of limitations under the Act of 1895 to a period of one year from the date of decedent's death, plaintiffs' claim is barred. If, on the other hand, the effect of the language is to extend the period within which suit may be brought in cases where the two

years' period would expire in less than one year after decedent's death, the claim is not barred.

In Thompson et al. v. Peck et al., 320 Pa. 27 (1935), Mr. Justice Drew in his opinion said:

"At the time of Peck's death plaintiffs had a claim against him for personal injuries alleged to have been caused by his negligence. . . . Statutes were passed from time to time providing for the survival of the cause of action. The provisions of these statutes have been reënacted and supplemented by §35 (b) of the Act of June 7, 1917, P. L. 447, as amended by the Act of March 30, 1921, P. L. 55, and the Act of May 2, 1925, P. L. 442. That section, as so amended, provides in part as follows: 'Executors or administrators . . . shall be liable to be sued . . . in any [personal] action . . . which might have been maintained against such decedent if he had lived. All such rights of action which were not barred by the statutes of limitations at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred.' Upon Peck's death plaintiffs' rights became subject to the provisions of this statute and were measured by it, and, unless suit was brought against the personal representatives within the time therein prescribed, it is now completely barred. Plaintiffs instituted no proceedings against defendants within the year following December 3, 1933, the date of Peck's death, and their action is therefore barred by the statute."

This decision is based upon facts different from the case at bar. The date of the accident was September 26, 1932. The tortfeasor died December 3, 1933. The original suit was brought September 20, 1934, against defendant personally, although he was then deceased. Plaintiffs moved to amend the record to substitute

Peck's executors as defendants, which was refused. On January 21, 1935, an alias writ of summons was issued and served on the executors. This was more than one year after the death of the wrongdoer and more than two years after the date of the accident. The court held that a dead man cannot be a party to an action and that there was no valid action which could be amended and such attempted proceeding was void. In Stegner v. Fenton, 351 Pa. 292 (1945), Mr. Justice Drew in his opinion said:

"The statute fixes no limitation of time as to personal actions which are brought by executors or administrators. The limitation of one year mentioned subsequently in the same section of the act refers only to rights of action brought against executors and administrators." It was held that an action for personal injuries resulting in death may be brought by decedent's personal representatives within two years from the date of the accident. In Commonwealth of Pennsylvania, Department of Public Assistance v. Smith et al., 344 Pa. 381 (1942), Mr. Justice Stern said:

"Apart from a grave question as to whether that provision [§35(b)] does not constitute an extension rather than a restriction of the statutes of limitation, it is sufficient to say that the present proceeding is not one of the kinds of action to which the provision, by its terms is confined." In Cunningham v. Horlacher, 17 Lehigh 189, and Hoppl's Estate, 27 North. 299, it was decided that section 35(b) of the Act of 1917 is restrictive and that a personal action cannot be brought against the estate of a decedent after one year has elapsed from the date of death. Both of these decisions follow Thompson et al. v. Peck et al., 320 Pa. 27, supra. In First National Bank of Wrightsville v. Dietz, 59 York 45 (1945), it was decided by Judge Anderson that section 2(b) of the Act of July 2, 1937, P. L. 2755, is a statute which extends rather than restricts the

statute of limitations. In commenting on Stegner v. Fenton, supra, he said:

". . . a very unfortunate situation could develop if section 35 (b) is held to be a general restrictive limitation. If A and B were involved in an accident resulting in A's death six months later and leaving B permanently injured, A's personal representative could bring an action against B for personal injuries sustained thirteen months after A's death, but B could not bring a cross-suit or counterclaim against A's estate at that time because A's death had occured more than a year before. This would be an unjust and anomalous situation, which the law should not sanction." On the other hand, in an opinion by Sherwood, P. J., of the same court, in Arnold et al., v. Stambaugh et al., 73 D. & C. 459, an opposite view was taken. Suit was brought against the estate of decedent for personal injuries and property damage arising from an automobile accident. It was held that unless the suit was instituted within one year from the date of death of decedent it was barred. The opinion is based largely upon a legislative intent as indicated by the titles of the Act of 1925, supra, and the amendatory Act of 1937, supra. In the 1925 Act there was included in the title the following phrase: "By extending the statutes of limitations in actions against decedents' estates." In the 1937 Act the legislature reënacted the 1925 Act verbatim but changed the title of the act, evidently in order to eliminate an unconstitutional phrase relating to suits by fiduciaries and not against fiduciaries as decided in Strain, Admr., v. Kern, 277 Pa. 209. The above-quoted phrase was also omitted from the title of the 1937 Act. These acts were repealed by the Fiduciaries Act of April 18, 1949, P. L. 512, which provides in section 613 as follows:

"The death of a person shall not stop the running of the statute of limitations applicable to any claim

against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death."

In the report of the Joint State Government Commission of the General Assembly of the Commonwealth of Pennsylvania relating, inter alia, to the Fiduciaries Act of 1949, supra, at p. 48 in connection with section 613 appears the following comment: "This is based on §35 (b) of the 1917 Act." The content of the act should govern rather than its title. The phrase at the end of section 35(b) of the 1917 Act, as amended, "notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred" must be considered in determining whether the one-year period for suit after the death of decedent is an extension or a restriction of the applicable statute of limitations.

In the instant case plaintiffs unquestionably could have sued defendant tortfeasor within the two years after the accident if the latter had not died. The death of a person does not stop the running of the statutes of limitations applicable to any claim. If death occurs during the running of the statutes of limitations and the claim would be barred sooner or during the one-year period after death, the period of limitation is extended and it will not expire until one year after the death. In the instant case the suit was brought within the statutory two years' period after the accident. The two years' period did not expire in less than one year after decedent's death.

The court concludes that plaintiffs are not barred either by the Act of June 24, 1895, P. L. 236, or the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of July 2, 1937, P. L. 2755, or by any other statute of limitations.

And now, July 28, 1950, defendant's motion for judgment on the pleadings is dismissed.