Donahue, Appellant *v.* Knaus.

Submitted April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Charles J. Maloney,* and *John Duggan, Jr.,* for appellant.

*Frank R. Bolte,* for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

William B. Donahue, plaintiff-appellant, trading and doing business as Donahue Furnace Company, on December 5, 1947, entered into a written agreement with Anton Knaus to install six gas furnaces in certain property owned by Knaus. The total consideration was $3,100, of which $2,000 was paid on the signing of the agreement, the balance to be paid upon completion of the work. The purchaser requested the seller not to begin the installation work until such time as he should be advised by the purchaser, and said that he desired the work to be completed by the end of July, 1948.

On or about January 29, 1948, less than two months after the signing of the agreement, Knaus was killed in an automobile accident at Fort Lauderdale, Florida. Plaintiff did not learn of his death until on or about June 1, 1948, when he attempted to contact him, as he had said that he desired the work to be completed by the end of July of that year, and then learned for the first time from William A. Knaus, administrator of his father's estate and defendant-appellee herein, of the death of the decedent.

The administrator acknowledged the contract for the purchase and installation of the furnaces but told plaintiff that he would not be ready for the installation work to begin prior to October, 1948. Accordingly, plaintiff waited until on or about October 15, when he received word from defendant to proceed with the work as soon as he possibly could. Consequently, the installation began November 8, 1948.

374

On or about December 1, 1948, plaintiff was requested by defendant to install certain cold air returns and cut in approximately sixteen new returns not called for under the terms of the contract. Defendant agreed to pay the reasonable cost of the extra work, which plaintiff claims to be $175. Upon refusal by defendant to pay the balance due under the contract, or for the extra work, plaintiff began this action in assumpsit May 20, 1949, for the sum of $1,275 with interest thereon from December 15, 1948.

Defendant filed preliminary objections to the complaint and asked that it be dismissed on the sole ground that more than a year had elapsed between the death of the decedent and the beginning of the action against the administrator of his estate. After argument before a court en banc the preliminary objections were sustained and judgment entered for the defendant and against the plaintiff on the pleadings.

This appeal by plaintiff brings squarely before an appellate court of this State for the first time the question whether section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, is an extension or restriction of the statute of limitations. As a general rule, it is hazardous for a court to attempt to fathom the legislative intent in enacting a statute, but it so happens that the writer of this opinion was a member of the Legislature in 1917 and a member of the Judiciary General Committee to which the legislation was referred and reported to the floor of the House. The Act of 1917 simply provided: "Executors or administrators shall have power to commence and prosecute all actions for mesne profits or for trespass to real property, and all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and for libels; and they shall be liable to be sued in any such action, except as aforesaid, which might have been maintained against such

decedent if he had lived." In form it was essentially the same as section 28 of the Act of February 24, 1834, P. L. 73. There was never any doubt that an action against a decedent's personal representative was subject to the same statute of limitation to which it would have been subject "if he had lived." In 1921 when the writer was chairman of the committee, the section was amended in a manner of no moment here, and it was finally amended May 2, 1925, P. L. 442, 20 PS Ch. 3, App. §772, by adding the following paragraph: "All such rights of action which were not barred by the statutes of limitation at the time of the death of decedent may be brought against his executors or administrators at any time within one year after the death of the decedent, notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred." The Act of July 2, 1937, P. L. 2755, known as the "Survival Act," reenacted the section without change.

Until *Thompson v. Peck*, 320 Pa. 27, 181 A. 597, decided November 25, 1935, there appears to have been no question so far as we have been able to ascertain, and certainly none in our own mind, that the one-year provision in the amendment of 1925 was an extension of the statute of limitations. If the Legislature had intended otherwise, it would have been very simple for it to have said that all such actions shall be brought within one year after decedent's death "and not after." That is the language used in the General Statute of Limitations Act of 1713, affecting personal actions, 12 PS §31, and in all subsequent statutes of limitation.

What appears to have given rise to the impression that the amendment of 1925 was a restriction rather than an extension is the following from *Thompson v. Peck*, supra (pp. 29, 30): "Upon Peck's death plaintiffs' rights became subject to the provisions of this statute [Act of 1917, as amended] and were measured by it, and, unless suit was brought against the personal rep-

resentatives within the time therein prescribed, it is now completely barred. Plaintiffs instituted no proceedings against defendants within the year following . . . Peck's death, and their action is therefore barred by the statute." But in that case, which was an action in trespass to recover for personal injuries alleged to have been suffered by the minor plaintiff as a result of Peck's negligence, plaintiffs petitioned the court to amend the caption of the case by substituting the executors as parties defendant. That petition, which was presented December 22, 1934, more than a year after Peck's death and more than *two* years after September 26, 1932, the date of the accident, was allowed by the court and subsequently an alias writ of summons was issued and served on the executors. They petitioned the court below to have the order of amendment vacated and the writ quashed. The court granted a rule to show cause, which it subsequently discharged, and the appeal to the Supreme Court followed.

In reversing the lower court the Supreme Court said (p. 30) : "It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action [citing cases], and any such attempted proceeding is completely void and of no effect : . . . This disposes of the . . . argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend. In any event, an amendment the effect of which is to bring in new parties after the running of the statute of limitations will not be permitted : [citing cases]. No proceedings were taken against defendants until after the expiration of the year provided for by the

statute; . . ." and we might add not until after the *two* years provided for by the General Statute of Limitations.

The question has not since been before the Supreme Court, but it is significant to note that in *Commonwealth, etc. v. Smith,* 344 Pa. 381, 25 A. 2d 694, the Court said, in an opinion by Mr. Justice Stern (p. 384) : "Another point raised by defendants is that the administrator was not made a party until after the expiration of a year from the time of decedent's death, and therefore, it is urged, this suit cannot be maintained because of the limitation provided in the Act of June 7, 1917, P. L. 447, section 35(b), as amended by the Act of May 2, 1925, P. L. 442. Apart from a *grave* question as to whether that provision does not constitute an extension rather than a restriction of the statutes of limitation, it is sufficient to say that the present proceeding is not one of the kinds of action to which the provision, by its terms, is confined." (Emphasis added.)

The gravity of the question, as noted by Mr. Justice Stern, is pointed up by the frequency with which the question has been before the common pleas courts since *Thompson v. Peck,* supra, and the sharp diversity of opinion therein. Some have held that the amendment is a restriction of the statute of limitations—*Cunningham v. Horlacher,* 17 Lehigh 189; *Hoppl's Estate,* 27 North. 299; *Arnold v. Stambaugh,* 63 York 65; and *Robinson v. Detroit-Pittsburgh Motor Freight,* 12 Beaver County L. J. 250—while others have held that it is an extension of the statute—*First National Bank of Wrightsville v. Dietz,* 59 York 45 (it will be noted that the two common pleas judges of York County hold diametrically opposite views on the question) ; *Hatfield School District Appeal,* 70 D. & C. 352 (Montgomery County) ; *Dowling v. Stewart,* 73 D. & C. 480 (Delaware County) ; and *Rylee v. Nicoll's Administrator,* 74 D. & C. 269 (Lancaster County). In the Lancaster County

case Schaeffer, P. J., in a very able and comprehensive opinion, reviews the other cases, with special attention to the two sharply divergent opinions in York County, and in closing says (p. 278) : "The death of a person does not stop the running of the statutes of limitations applicable to any claim. If death occurs during the running of the statutes of limitations and the claim would be barred sooner or during the one-year period after death, the period of limitation is extended and it will not expire until one year after the death. In the instant case the suit was brought within the statutory two years' period after the accident. The two years' period did not expire in less than one year after decedent's death.

"The court concludes that plaintiffs are not barred . . . by . . . the Fiduciaries Act of June 7, 1917, P. L. 447, as amended . . ., or by any other statute of limitations."

The Supreme Court in *Stegner v. Fenton*, 351 Pa. 292, 40 A. 2d 473, said (p. 293) : "The statute fixes no limitation of time as to personal actions which are brought *by* executors or administrators. [Emphasis added.] The limitation of one year mentioned subsequently in the same section of the act refers only to rights of action brought *against* executors and administrators."

In reviewing the two York County decisions President Judge Schaeffer comments on the opinion of Judge Anderson in *First National Bank of Wrightsville v. Dietz*, supra, as follows (p. 277) : "In commenting on Stegner v. Fenton, supra, he said: '. . . a very unfortunate situation could develop if section 35(b) is held to be a general restrictive limitation. If A and B were involved in an accident resulting in A's death six months later and leaving B permanently injured, A's personal representative could bring an action against B for personal injuries sustained thirteen months after A's

death, but B could not bring a cross-suit or counter-claim against A's estate at that time because A's death had occurred more than a year before. This would be an unjust and anomalous situation, which the law should not sanction.' " With reference to the other York County decision President Judge SCHAEFFER said (pp. 277-278) : "On the other hand, in an opinion by SHERWOOD, P. J., of the same court, in Arnold et al., v. Stambaugh et al., 73 D. & C. 459, an opposite view was taken. Suit was brought against the estate of decedent for personal injuries and property damage arising from an automobile accident. It was held that unless the suit was instituted within one year from the date of death of decedent it was barred. The opinion is based largely upon a legislative intent as indicated by the titles of the Act of 1925, supra, and the amendatory Act of 1937, supra. In the 1925 Act there was included in the title the following phrase : 'By extending the statutes of limitations in actions against decedents' estates.' In the 1937 Act the legislature reenacted the 1925 Act verbatim but changed the title of the act, evidently in order to eliminate an unconstitutional phrase relating to suits *by* fiduciaries and not *against* fiduciaries as decided in Strain, Admr., v. Kern, 277 Pa. 209. [Emphasis added.] The above-quoted phrase was also omitted from the title of the 1937 Act. These acts were repealed by the Fiduciaries Act of April 18, 1949, P. L. 512, which provides in section 613 as follows : 'The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death.'

"In the report of the Joint State Government Commission of the General Assembly of the Commonwealth of Pennsylvania relating, inter alia, to the Fiduciaries

Act of 1949, supra, at p. 48 in connection with section 613 appears the following comment: 'This is based on §35(b) of the 1917 Act.' The content of the act should govern rather than its title. The phrase at the end of section 35(b) of the 1917 Act, as amended, 'notwithstanding the provisions of any statutes of limitations whereby they would have been sooner barred' must be considered in determining whether the one-year period for suit after the death of decedent is an extension or a restriction of the applicable statute of limitations."

The terms of section 613 of the Fiduciaries Act of 1949, 20 PS §320.613, unmistakably state the law as it has been ever since the adoption of section 35(b) of the Fiduciaries Act of 1917.

The judgment is reversed and the record remitted with direction to the court below to require the defendant to answer on the merits.