Long *v.* Trader Horn Coal Co., Appellant.

Argued November 15, 1957; reargued January 13, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and MCBRIDE, JJ.

reargument refused July 2, 1959.

*Walter Stein*, with him *Leon H. Kline*, and *Berger, Stein & Kline*, for appellant.

*Laurence H. Eldredge*, with him *Charles L. Frank* and *Francis X. Diebold*, for plaintiff, appellee.

*Nochem S. Winnet*, with him *Thomas B. Noonan*, for intervening plaintiff, appellee.

OPINION BY MR. JUSTICE COHEN, May 8, 1959:

This litigation began July 1951. Leroy Long, the original complainant and now a co-appellee (with Joseph P. Costello, Jr.), instituted an action in equity to recover monies due under a written agreement with the Trader Horn Coal Company (Trader Horn). Long was instrumental in negotiating a contract for Trader Horn with the Pennsylvania Power and Light Company (Power Company), whereby the Power Company purchased from Trader Horn mine silt to be taken from a pit owned by Trader Horn. Long was to receive 22½% of the consideration paid by Power Company to Trader Horn for the silt. For reasons not here important, Trader Horn discontinued their payments to Long whereupon Long instituted this action in equity.

After numerous hearings and negotiations, a stipulation of settlement was effected by counsel for the parties and on August 20, 1952 approved by the court. The stipulation provides that the appellant, Trader Horn, recognizes the agreement in the suit between it and Long as a valid and binding agreement except that

the contract be modified by reducing the 22½% commission provided for in the original agreement to 19%, "which arrangement shall continue throughout the life of the contract by the Trader Horn Company and Pennsylvania Power and Light Company." The agreement also provided that the action would be discontinued of record by the plaintiff upon compliance with all of the terms of settlement. There never was full compliance with the terms of the stipulation by either of the parties. Involved and complex proceedings were entered into by both Long and Trader Horn—Long in an attempt to force the payment of the amount due and Trader Horn to enforce the clause of the agreement requiring the discontinuance of the action.

We have reviewed the record as well as the numerous side issues which have protracted and confused this litigation. Even though procedures have been indulged in by the litigants and the court which would merit a return of the record to the court below for further testimony, we feel that justice can be more adequately served by a complete disposition of this litigation here. Since the jurisdiction of equity has attached, this jurisdiction will be retained for all purposes so as to do complete justice: *Milasinovich v. The Serbian Progressive Club, Inc.*, 369 Pa. 26, 84 A. 2d 571 (1951); *Commonwealth of Pennsylvania, Department of Public Assistance v. Smith et al.*, 344 Pa. 381, 25 A. 2d 694 (1942).

We recognize that the stipulation of August 20, 1952 contains what appears to be inherent contradictions. While it was agreed that this action would be discontinued, the stipulation provides for payments to continue after the discontinuance of the action. It would have been more clear had the agreement between the parties been stipulated as a decree. That, it appears to us, is what the parties really intended; then

the cause of action would have been merged with the decree and no further suit would have been permitted on the original cause of action.

Since, in the original stipulation, Trader Horn recognized the agreement of February 11, 1947 with Long (and Costello) as a valid agreement and also acknowledged the liability for continuing payments by Trader Horn to Long (and Costello), and since it would be inequitable to allow Trader Horn to escape its admitted responsibility and obligation to Long, we determine that the final decree of February 4, 1957 heretofore entered by the court below be vacated and that the monies which have heretofore been paid by Trader Horn to Long in the amount of $31,464 be retained by Long and that the sum of $26,296 presently held in escrow by the Schuylkill Trust Company of Pottsville, and all remaining sums of money received and to be received by Trader Horn which are due and owing or which shall become due and owing as a result of the letter of agreement of February 11, 1947 between Long and Trader Horn as modified by the stipulation of August 20, 1952 shall be paid to Long and Costello, and that a decree embodying this determination shall be entered by the court below.

Decree vacated with instructions to enter a new decree in conformity with this opinion.