437 A.2d 1012

COMMONWEALTH NATIONAL BANK, Appellant,

v.

C. M. MILLER, Defendant,

v.

AMERICAN BANK AND TRUST CO. OF PA., Garnishee.

Superior Court of Pennsylvania.

Argued May 12, 1981.

Decided Nov. 30, 1981.

Robert C. Spitzer, Harrisburg, for appellant.

R. Hart Beaver, Lebanon, did not file a brief on behalf of Miller, appellee.

Clemson N. Page, Jr., Reading, for American Bank, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

MONTEMURO, Judge:

The instant action is the result of a battle between two creditors for the assets of a debtor who had pledged his securities to one financial institution as collateral for refinancing of prior debts and later used his personal assets to obtain a second loan for his corporation. There is no doubt that each bank had a legitimate claim, to repayment. When the debtor's financial situation collapsed, only one of the creditors was paid in full.

The only issue concerns the claim of the unpaid creditor that two acts of the debtor in regard to the securities amount to fraudulent conveyances, and that it therefore has

the right to set aside the transactions and retrieve the assets for repayment of its own debt.

The facts are as follows: several months before the financial difficulties of the debtor became obvious, he requested and was permitted the right to transfer the securities from his own name to that of his and his wife's name. American Bank, which had held the securities since 1966 and continued to hold them, had no objection to the transfer into entireties property on the explanation that it was for estate planning purposes. Under the U.C.C., 13 Pa.C.S.A. 9203(a)(1), physical possession of collateral perfects the security interest of the creditor. Five months after the transfer into entireties, debtor and his wife executed an hypothecation by which they both agreed that the securities should be applied to the obligations held by American Bank.

Appellant in this action is Commonwealth National Bank (CNB), who argues that the two stock transfers were fraudulent and that American Bank's participation in these transfers was also fraudulent, with intent to insulate the debtor's securities from the debt owed CNB. CNB, therefore, argues that it may set aside the transfers as fraudulent conveyances, and that creditor American Bank must disgorge the proceeds it obtained when it sold the securities and applied the money received to its own debt. The proceeds would then, of course, be available to cover the debts owed to CNB.[1]

■ As to the first transfer of the securities by the debtor from his own name only into his own and his wife's name, we find the transfer was fraudulent under 39 P.S. 354. Intent is specifically made irrelevant by the statute, and a conveyance of securities into entireties property, thus rendering the husband/debtor insolvent, is *per se* fraudulent. Appellee, American Bank, argues vigorously that this transaction was in fact part of a three-way transfer supported by

1. The securities sold for an amount in excess of the debt owed to American Bank. The amount over and above the debt has been placed in an escrow account for disposal to the proper party by the court.

fair considerations, but the evidence, as noted by the court below, simply cannot support any such inference.[2]

■ As to the second transaction by which debtor and his wife repledged the securities to American Bank, there are several important aspects to be considered. The execution of the hypothecation was clearly lacking in "fair consideration" as required by 39 P.S. 354. The transaction took place months after the transfer into entireties property had taken place, and, therefore, would appear to be a gratuitous act by which the owners of the securities returned American Bank to the totally secured position it had enjoyed prior to giving permission for change in ownership into the entireties.

However, although by this act, the debtor returned to his original creditor the ability to sell the securities without impediment, the preference he showed in no way improved the financial standing of the debtor himself.

The Supreme Court, interpreting the Uniform Fraudulent Conveyances Act, has held that a conveyance of property between family members is indeed invalid as to creditors if by the conveyance the grantor renders himself unable to pay his debts:

> ... the theory being that a conveyance whereby a debtor puts his property *beyond reach of his creditors under an agreement that it shall be devoted in any way to his own use is constructively fraudulent. Commonwealth v. Smith,* 344 Pa. 381, 25 A.2d 694 (1942) and numerous cases cited therein.

The hypothecation in no way devoted the property to the use of debtor or his wife. Indeed, it removed a possible barrier

---

**2.** Appellee's claim in fact, is errant nonsense. No creditor is going to regard a debtor's request to transfer securities into entireties as an offer by the debtor to "give up a half interest in exchange" for the creditor's "forebearance from denying permission" for the transfer. Equally incredible is appellee's suggestion that the bank was considering demanding full payment of indebtedness in early 1976 and that the transfer into entireties was consideration for forebearing to demand full payment. Had American been considering demanding payment, the last thing it would have requested was that its debtor transfer his securities from his own name into the less-accessible form of entireties property.

to the use of the securities for repayment of a debt to a bona fide creditor. This court agrees with the court below that the transaction was not fraudulent under the Uniform Fraudulent Conveyances Act and amounted "to nothing more than an already existing creditor preference."

This state has long held that there is no fraud involved in the preference of one creditor over another, even if the preferred creditor and the debtor agree in the full knowledge that other creditors will be left unpaid.

> One creditor of a bankrupt has a right to take full payment of his debt, knowing that another will not be paid. *Hopkins v. Beebe*, 26 Pa. 85, 13 L.I. 260, 21 PLJ 628 (1856)

> If a creditor takes a judgment or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew that the effect would be to postpone the others, that the debtor intended it to have that effect and although he took it to aid that intent as well as to protect himself. *Whitman v. O'Brien*, 29 Pa.Super. 208 (1905)

Decisions since the passage of the Uniform Fraudulent Conveyances Act are in accord with the earlier holdings. See e.g. *Pennsylvania Turnpike Commission v. Evans*, 13 D&C2d 290, aff'd 392 Pa. 110, 139 A.2d 530 (1958); *Berger v. Kraisman*, 376 Pa. 127, 101 A.2d 717 (1954).

The securities held by American Bank were sold for a sum exceeding the debt owed it. The original transfer of the securities into entireties property was, as noted above, fraudulent as to both creditors by application of the standards set forth in Section 354 of the Uniform Act. Therefore, that transaction may be set aside by CNB, the money realized from the sale thus becomes husband-debtor's sole property, and the sum in escrow is therefore subject to levy by the remaining creditor.

We agree with the lower court that an award of counsel fees in the instant matter would be unjustified as the purposes for which such a remedy was provided are not apparent under the facts of the instant action.

The order of thè lower court is hereby affirmed.

HOFFMAN J., concurs in result.